THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS C. FOSTER, Defendant-Appellant.

Third District    No. 3—98—1000

Opinion filed October 28, 1999.

Carrie B. Marche, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and John Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant Thomas Foster was charged with attempted murder (720 ILCS 5/8—4(a), 9—1 (West 1998)) and two counts of aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1998)). The defendant agreed to plead guilty to the firearm charges in exchange for the State's dismissal of the attempted murder charge. In addition, the parties agreed that 12 years was the maximum sentence that could be imposed and the sentences for each count were to be concurrent. At the guilty plea proceedings on July 23, 1998, the trial court specifically informed the defendant that, under the terms of the plea agreement, consecutive sentences could not be imposed. At the conclusion of the sentencing hearing on August 31, 1998, the defendant was sentenced to a term of nine years' imprisonment on one count of aggravated discharge of a firearm and to a *consecutive* term of four years' probation on the second count. The defendant's motion to reconsider his sentence was denied and this appeal followed. We modify defendant's sentence and remand.

The defendant raises two issues on appeal: (1) whether the trial court erred in imposing consecutive sentences; and (2) whether the case should be remanded to allow defendant to file a motion to withdraw his guilty plea. The State agrees that consecutive sentences were improper in light of the plea agreement and accedes to defendant's request for modification, assuming that we are not precluded from doing so. However, the State opposes defendant's request for a remand.

■ The threshold question of whether this court may grant the requested relief requires a consideration of *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996), and *People v. Linder*, 186 Ill. 2d 67, 708

N.E.2d 1169 (1999). In *Evans*, the supreme court examined the requirement of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) that a defendant must file a motion to reconsider sentence or a motion to withdraw his guilty plea as a precondition to any appeal. The *Evans* court held that where a defendant pleads guilty pursuant to a negotiated (rather than an open) plea, he must file a motion to withdraw his plea before he will be allowed to appeal; merely filing a motion for reconsideration is insufficient. *Evans*, 174 Ill. 2d 320, 673 N.E.2d 244. This is so even if a defendant only wants to challenge his sentence. *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250. The purpose of the court's ruling was to prevent a defendant from negotiating with the State to obtain a deal for dismissed charges and a recommended sentence and then attempting to get the sentence reduced further by reneging on the agreement.

In *Linder*, the court considered whether *Evans* applied when the plea agreement involved a sentencing cap, rather than a recommendation for a specific sentence. The court held that it did, stating:

> "We believe that the reasoning employed by this court in *Evans* *** applies with equal force where, as here, the defendant agrees to plead guilty in exchange for the State's dismissal of certain charges and recommendation of a cap on his sentence. By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, *agreeing not to challenge any sentence imposed below that cap* on the grounds that it is excessive. [Citation.] While the defendant may not like the sentencing court's ultimate disposition, that is a risk he assumes as part of his bargain. A defendant who is unwilling to accept that risk should not agree to a cap rather than a fixed term. *Where the sentence imposed is within the agreed-upon cap,* as the sentences here were, allowing the defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms. That is precisely the situation the *Evans* rule was designed to prevent." (Emphasis added.) *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73.

■ In this case, the defendant agreed to plead guilty in exchange for dismissal of the attempted murder charge, a sentencing cap of 12 years, and concurrent sentences. Arguably, under *Evans* and *Linder*, defendant was required to file a motion to withdraw his guilty plea as a precondition to this appeal, rather than the motion to reconsider sentence that was filed. However, as the emphasized language in *Linder* indicates, it is only where the sentence the defendant receives is *within the parameters of the agreement* that he must seek to vacate the guilty plea. Where, as here, the sentence falls outside the agreed-upon terms,

the concerns that underlie *Evans* and *Linder* are not implicated. *Cf. People v. Wilson*, 181 Ill. 2d 409, 692 N.E.2d 1107 (1998) (*Evans* not applicable where sentence exceeds statutory limits); *People v. Williams*, 179 Ill. 2d 331, 688 N.E.2d 1153 (1997) (same).

Accordingly, *Evans* and *Linder* do not require dismissal of defendant's appeal. Since both the defendant and the State seek modification of the defendant's sentence to accurately reflect the terms of the plea agreement, we modify the four-year term of probation to run concurrently with defendant's prison sentence.

■ The remaining issue concerns defendant's request to remand this cause to the circuit court to allow him to file a motion to withdraw his guilty plea. The State opposes remandment on the grounds that the modification of defendant's sentence renders the issue moot. We disagree. Although the defendant's sentence has been modified, his failure to file a withdrawal motion prevents review of other issues such as voluntariness of the plea, failure to consider mitigating factors or excessiveness of the sentence. *Linder*, 186 Ill. 2d 67, 708 N.E.2d 1169. The issue is not moot.

■ Defendant argues that he was not properly admonished regarding the necessary procedure to pursue his right to appeal and therefore remand is required. We agree. In *People v. Foster*, 171 Ill. 2d 469, 665 N.E.2d 823 (1996), the supreme court recognized the so-called "admonition exception" to Rule 604(d). The defendant in *Foster* had failed to file a written motion to reconsider his sentence, but he had not been advised that he was required to do so. The court noted that Rule 605(b) mandates that the trial judge admonish defendants regarding the requirements of Rule 604(d). The court ruled that where such admonitions have not been issued, it would violate a defendant's procedural due process rights to hold a defendant responsible for noncompliance with Rule 604(d). *Foster*, 171 Ill. 2d 469, 665 N.E.2d 823. In such a situation, an appellate court must remand for compliance with the rules.

Subsequently, in *People v. Jamison*, 181 Ill. 2d 24, 690 N.E.2d 995 (1998), the court was "called upon to decide whether we must remand a cause for Rule 605(b) admonitions when an unadmonished defendant fails to file a motion to withdraw his guilty plea." *Jamison*, 181 Ill. 2d at 29, 690 N.E.2d at 997. The court stated:

> "Rule 605(b) states that, '[i]n all cases in which a judgment is entered upon a plea of guilty,' the trial judge 'shall' advise the defendant at the time of sentencing of certain appeal rights and requirements. [Citation.] Rule 605(b) admonitions are, therefore, mandatory. Further, Rules 604(d) and 605(b) are meant to work together. [Citation.] This court requires strict compliance with

Rule 604(d) by a defendant. [Citation.] A necessary antecedent, however, is that the defendant be given the admonitions prescribed by Rule 605(b) to advise him of those requirements. When the trial judge fails to provide the admonitions required by Rule 605(b) and the defendant fails to follow Rule 604(d), we believe it is appropriate to remand the cause to the trial court for proceedings consistent with Rule 605(b)." *Jamison*, 181 Ill. 2d at 29-30, 690 N.E.2d at 998.

■ In this case the trial judge admonished the defendant as required by Rule 605(b), but the admonitions were inaccurate in light of *Evans* and *Linder*. The court told defendant that to preserve his right to appeal he had to "file here within thirty days a written motion asking *either that the sentence be reduced,* or a written motion to withdraw the plea of guilty and to vacate the judgment and sentence. *** As I said, the motion would be *a motion to reconsider* or motion to withdraw the plea." (Emphasis added.) As explained above, the supreme court has held that a defendant pleading guilty pursuant to a negotiated plea can only preserve his right to appeal by filing a motion to withdraw the plea, not by filing a motion to reduce sentence.

We believe that the legally inaccurate admonishment given to defendant brings this case within the holdings of *Foster* and *Jamison*. We therefore remand this cause to allow defendant to file a motion to withdraw his guilty plea. See *People v. Doguet*, 307 Ill. App. 3d 1 (1999) (remanding where defendant was advised that his right to appeal would be preserved by filing a motion to reconsider sentence); *People v. Wright*, No. 5—99—0082 (June 8, 1999) (same); *People v. Knowles*, 304 Ill. App. 3d 472, 710 N.E.2d 1238 (1999) (same).

For the reasons stated above, defendant's sentence of probation is modified to run concurrently with the nine-year term of imprisonment. This cause is remanded to the circuit court to allow the defendant to file a motion to withdraw his guilty plea, if he chooses to do so.

Sentence modified; cause remanded.

HOLDRIDGE, P.J., and KOEHLER, J., concur.