THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN D. HARDEN, Defendant-Appellant.

Fourth District    No. 4—99—0082

Opinion filed February 2, 2000.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Timothy J. Willis, State's Attorney, of Sullivan (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

On July 31, 1998, defendant John D. Harden entered a negotiated plea of guilty to a charge of possession with intent to deliver 15 grams or more, but not more than 100 grams, of a substance containing cocaine. 720 ILCS 570/401(a)(2)(A) (West 1996). The charges were brought after a controlled buy from defendant. Pursuant to the plea agreement, the State moved to dismiss a charge of unlawful possession of 15 grams or more, but not more than 100 grams, of a substance containing cocaine (720 ILCS 570/402(a)(2)(A) (West 1996)), and a charge of unlawful delivery of 1 gram or more, but less than 15 grams, of a substance containing cocaine (720 ILCS 570/401(c)(2) (West 1996)). The State also agreed to cap its sentencing recommendation at 20 years' imprisonment.

At the guilty plea hearing, the State's Attorney indicated that the sum of $644, which was the subject of a civil forfeiture proceeding against defendant, would be used to pay any fines, costs, and other assessments the trial court may impose at sentencing. At the September 4, 1998, sentencing hearing, the State's Attorney advised the trial court that defendant had agreed that the money from the forfeiture proceeding would first be applied to defendant's restitution obligation to the East Central Illinois Task Force (Task Force). Defense counsel confirmed this agreement. Following presentation of evidence, arguments of counsel, and a statement in allocution by defendant, the trial court imposed a sentence of 16 years in prison. In addition, the court imposed a $3,000 statutory drug assessment, $50 state drug lab fee, $2,520 street-value fine, and restitution to the Task Force in the amount of $250 for "buy money." In advising defendant of his appeal rights, the trial court stated:

"Now, [defendant], it's my obligation to advise you of your right to an appeal. In order to perfect that right you are required to file in the office of the Clerk of this Court, within 30 days of this date, either one, a [m]otion for [l]eave to [w]ithdraw [y]our [p]lea of [g]uilty, and instead plead not guilty, if the judgment, conviction[,] and sentence of this court are being contested, or, two, a [m]otion for the [c]ourt to reconsider the sentence which has been imposed upon you, if only the sentence is being contested.

In either type of [m]otion, you're required to specify the ground or grounds whereby you believe some error or errors have been committed that resulted in your conviction, the judgment and sentence of this court. And any error or claim of error that's not

raised in either of such [m]otions, is waived, and you may not later in the appellate process come back and claim it."

Defendant filed a motion and supplemental motion to reconsider sentence in which he alleged that (1) the sentence was excessive, (2) the sentence was disparate to other sentences for similar offenses imposed in 1997 and 1998, (3) the trial court failed to consider certain mitigating factors, (4) the trial court erred when it refused to consider an Illinois Bar Journal article tendered by defendant at the sentencing hearing, and (5) the cost of imprisonment in Illinois is $17,200 per year. At a hearing on January 22, 1999, the trial court denied both motions. Defendant now appeals.

In his appeal, defendant argues that the prison sentence imposed upon him is excessive. Initially, however, appellate counsel acknowledges in defendant's initial brief that defendant's appeal is subject to dismissal, pursuant to our supreme court's recent decision in *People v. Linder*, 186 Ill. 2d 67, 708 N.E.2d 1169 (1999). In that consolidated case, the court decided that the rule announced in *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996), applied to negotiated guilty pleas in which the State agreed to a cap on its sentencing recommendation. Thus, the two defendants in *Linder* were not entitled to appeal their sentences because they had not first sought in the trial court to withdraw their guilty pleas and vacate the judgments. *Linder*, 186 Ill. 2d at 70, 708 N.E.2d at 1170. *Linder* also held that where a defendant has failed to comply with the motion requirements of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), the appellate court must dismiss the appeal. *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173.

The *Linder* decision evolved from the supreme court's decision in *Evans*, where it was held that a defendant who enters a negotiated guilty plea may not challenge his sentence by filing a motion to reconsider but, rather, must move to withdraw his guilty plea and vacate the judgment and show that granting the motion is necessary to correct a manifest injustice. The provisions of Rule 604(d) regarding motions to reconsider sentences apply only to open guilty pleas. *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250.

Defendant argues that *Linder* should not be applied to his case, because the trial court failed to admonish him as to the proper post-sentencing motion to file. Although defendant's guilty plea was not fully negotiated, it was a negotiated plea in two respects. First, the State agreed to dismiss two other counts of the information in return for defendant's guilty plea to the one charge and, second, the State agreed to cap its sentencing recommendation at 20 years in prison. Under these circumstances, defendant's guilty plea was subject to the qualifications on Rule 604(d) motion requirements set forth in *Evans*

and *Linder*. Thus, defendant is precluded from appealing his sentence because he did not file in the trial court a motion to withdraw his plea and vacate the judgment.

In support of his contention that this appeal should not be dismissed, defendant cites a recent case from the Second District Appellate Court, *People v. Knowles*, 304 Ill. App. 3d 472, 710 N.E.2d 1238 (1999). There, the defendant entered into a negotiated plea agreement whereby he agreed to plead guilty to a reduced charge. No agreement as to sentence was made. The reduction of the charge made defendant eligible for a minimum four-year prison term and a maximum term of 15 years, whereas before the charge was reduced, he could have received not less than 12 years or more than 50 years in prison. The trial court imposed a fine and sentenced defendant to the minimum four years in prison. The court advised defendant that he had 30 days in which to file a motion either to withdraw his guilty plea or reconsider his sentence. The court stated defendant could file one or both motions, and if he filed a motion to withdraw his plea, the State could prosecute him under the original indictment. Defendant filed a motion to reconsider his sentence. The trial court lowered the fine assessed but otherwise denied defendant's motion. *Knowles*, 304 Ill. App. 3d at 473, 710 N.E.2d at 1238.

On appeal, the appellate court affirmed the denial of the motion and dismissed the appeal because defendant had failed to file a motion to withdraw his guilty plea. However, noting that the trial court did not advise defendant he had to file a motion to withdraw his guilty plea, the appellate court found that "fundamental fairness" required that the cause be remanded with directions that the trial court admonish defendant of his right to file a motion to withdraw his plea. *Knowles*, 304 Ill. App. 3d at 475, 710 N.E.2d at 1239-40.

*People v. Didier*, 306 Ill. App. 3d 803, 715 N.E.2d 321 (1999), a case from the second district, involved a defendant who received the standard admonitions under Rule 605(b) (145 Ill. 2d R. 605(b)) after sentencing on a negotiated guilty plea. He filed a motion for reconsideration of sentence. The trial court modified the sentence and defendant appealed, arguing that the trial court (1) increased his sentences on reconsideration by making some of his sentences consecutive, (2) sentenced him to a term beyond the statutory maximum, and (3) abused its discretion by imposing consecutive sentences. *Didier*, 306 Ill. App. 3d at 805, 807, 715 N.E.2d at 322, 323. The State argued that defendant had forfeited his arguments by failing to file a motion to withdraw his guilty plea. *Didier*, 306 Ill. App. 3d at 805, 715 N.E.2d at 323. The appellate court rejected this argument regarding defendant's first two contentions, noting that where a defendant chal-

lenges the trial court's statutory authority to impose a particular sentence, that argument is not forfeited by a failure to seek to withdraw the guilty plea. *Didier*, 306 Ill. App. 3d at 806-07, 715 N.E.2d at 323. The appellate court held that the trial court had not exceeded its authority in making the sentences consecutive. *Didier*, 306 Ill. App. 3d at 808-09, 715 N.E.2d at 324-25. However, the court found that defendant's sentences exceeded the statutory limit. *Didier*, 306 Ill. App. 3d at 807, 715 N.E.2d at 323-24. Defendant also argued on appeal that the trial court had abused its discretion in imposing consecutive sentences. The appellate court found this argument forfeited by the failure to file a motion to withdraw guilty plea. *Didier*, 306 Ill. App. 3d at 808, 715 N.E.2d at 324. Noting that the trial court had advised defendant at the sentencing hearing that he could file either a motion to withdraw his guilty plea or a motion to reconsider sentence, the appellate court found that fundamental fairness required that the cause be remanded for the trial court to admonish defendant of his right to file a motion to withdraw his guilty plea. *Didier*, 306 Ill. App. 3d at 809, 715 N.E.2d at 325.

In another recent case from the Second District Appellate Court, *People v. Doguet*, 307 Ill. App. 3d 1, 716 N.E.2d 818 (1999), the defendant entered a negotiated plea to a lesser charge and the State agreed not to seek an extended-term sentence. *Doguet*, 307 Ill. App. 3d at 2, 716 N.E.2d at 819. The trial court advised defendant of his right to file either a motion to withdraw his plea or a motion to reconsider sentence. Defendant filed a motion to reconsider, alleging his sentence was excessive; that motion was denied and defendant appealed. *Doguet*, 307 Ill. App. 3d at 3-4, 716 N.E.2d at 820. The appellate court held that the plea agreement effectively prohibited the State from seeking the full range of penalties for the offense, because it effectively agreed to a sentencing cap of 20 years (the maximum nonextended term). Thus, the plea agreement fell within the ambit of *Evans* and *Linder* and defendant was required to file a motion to withdraw his guilty plea. The appellate court dismissed the appeal, but remanded to the trial court for the giving of correct admonitions. *Doguet*, 307 Ill. App. 3d at 6-7, 716 N.E.2d at 822.

Finally, the Third District Appellate Court has addressed this issue in a slightly different context. In *People v. Foster*, 308 Ill. App. 3d 286, 719 N.E.2d 1163 (1999), defendant entered into a negotiated plea agreement whereby he pleaded guilty to firearms charges in exchange for dismissal of a charge of attempt (first degree murder), a sentencing cap of 12 years, and concurrent sentences. The trial court sentenced defendant to nine years in prison and a consecutive term of four years' probation. Defendant filed a motion to reconsider sentence that was

denied. *Foster*, 308 Ill. App. 3d at 287, 719 N.E.2d at 1163. The appellate court held that defendant was not precluded from filing a motion to reconsider sentence, because it is only where the sentence defendant receives is within the parameters of the plea agreement that he must seek to withdraw the guilty plea. The appellate court modified defendant's sentence of probation to run concurrently with his prison sentence. The defendant also argued he was not properly admonished regarding the necessary procedure to appeal and the cause should be remanded to allow him to file a motion to withdraw his guilty plea. *Foster*, 308 Ill. App. 3d at 288-89, 719 N.E.2d at 1164. The appellate court agreed, finding that the legally inaccurate admonitions given by the trial court were comparable to a complete absence of admonitions. *Foster*, 308 Ill. App. 3d at 290, 719 N.E.2d at 1165.

■ Rule 605(b) requires trial courts to admonish defendants of their right to appeal following entry of a guilty plea. Among other requirements, a defendant must be admonished that (1) he has a right to appeal; (2) prior to taking an appeal, he must file in the trial court within 30 days of the date on which sentence is imposed a written motion to reconsider the sentence or to have the judgment vacated and for leave to withdraw his guilty plea; and (3) in any appeal taken from the judgment on the guilty plea, any issue or claim of error not raised in the motion to reconsider sentence or to vacate the judgment and withdraw the guilty plea shall be deemed waived.

■ Supreme Court Rule 604(d) provides that no appeal from a judgment entered upon a plea of guilty may be taken unless the defendant, within 30 days of the date on which sentence was imposed, files in the trial court either a motion to withdraw the guilty plea or a motion to reconsider sentence. The motion must be in writing and state the grounds therefor. Upon appeal, any issue not raised in the postsentencing motion shall be deemed waived.

■ Where a defendant fails to strictly comply with Rule 604(d), any appeal must be dismissed by the reviewing court. *People v. Foster*, 171 Ill. 2d 469, 471, 665 N.E.2d 823, 824 (1996). However, a necessary antecedent to requiring strict compliance by a defendant with Rule 604(d) is that the defendant be given the admonitions contained in Rule 605(b). *People v. Jamison*, 181 Ill. 2d 24, 29, 690 N.E.2d 995, 998 (1998).

■ In the instant case, the trial court fully complied with the directives of Rule 605(b) as presently written. In *People v. Zarka-Nevling*, 308 Ill. App. 3d 516, 720 N.E.2d 334 (1999), this court held that a defendant need not seek to withdraw his or her guilty plea when the plea is given solely in exchange for the State's dismissal of additional charges and no agreement is reached regarding sentence.

*Zarka-Nevling*, 308 Ill. App. 3d at 524, 720 N.E.2d at 334-35. Defendant also argued in that case that the trial court's failure to admonish her that she had to file a motion to withdraw her guilty plea denied her due process. *Zarka-Nevling*, 308 Ill. App. 3d at 519, 720 N.E.2d at 336. The majority held that the trial court's admonitions were correct because defendant was not in fact required to file a motion to withdraw her guilty plea. *Zarka-Nevling*, 308 Ill. App. 3d at 526, 720 N.E.2d at 341.

Justice Steigmann dissented in *Zarka-Nevling*, arguing that the *Evans* rule should be applied and defendant's appeal dismissed. As to defendant's argument concerning the trial court's Rule 605(b) admonitions, Justice Steigmann stated:

"[D]efendant's argument amounts to an attack on the adequacy of Rule 605(b) itself. In effect, defendant is arguing that the rule the supreme court has promulgated regarding admonitions for defendants who plead guilty, if followed, results in the denial of due process. This conclusion is not one we can reach.

Thus, I disagree with the second district's opinion in *Knowles*, 304 Ill. App. 3d at 475, 710 N.E.2d at 1240, where that court, after concluding that the defendant should have filed a motion to withdraw his guilty plea and not just a motion to reconsider sentence before taking his appeal, wrote the following:

'Since the trial court advised defendant that he could file either a motion to withdraw his guilty plea or a motion to reconsider his sentence, fundamental fairness requires that we remand the cause with directions for the trial court to admonish defendant of his right to file a motion to withdraw his guilty plea and the consequences thereof, pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).'

Although the second district's concerns are understandable, the remedy used in *Knowles* does not comport with the directions of the supreme court in *Linder*, particularly when the trial court's admonitions fully comply with the requirements of Rule 605(b).

As some have suggested, Rule 605(b) might be improved if it contained an explicit provision regarding negotiated pleas, containing the *Evans* rule verbatim within the body of Rule 605(b) itself. However, any modification of that rule must come from the supreme court, not this court." *Zarka-Nevling*, 308 Ill. App. 3d at 528-29, 720 N.E.2d at 342-43 (Steigmann, J., dissenting).

While we understand the concerns expressed by the Second and Third Districts of the Appellate Court, we believe the views expressed by Justice Steigmann are sound. Accordingly, we hold that where a defendant has received admonitions that meet the requirements of Rule 605(b), he has been properly admonished and is not entitled to a

remand for new admonitions upon dismissal of his appeal under *Linder*.

■ Defendant's second argument on appeal is that the trial court erred in ordering him to pay restitution to the Task Force, because that agency is not a "victim" within the meaning of the restitution statute (730 ILCS 5/5—5—6 (West 1998)). Defendant failed to raise this issue in his Rule 604(d) motion and the State argues that he has forfeited this issue on appeal. However, a void order may be attacked at any time and is not forfeited by failing to raise the issue in the trial court. *People v. Lawrence*, 206 Ill. App. 3d 622, 624, 565 N.E.2d 322, 324 (1990). We also note that a defendant may attack a part of his sentence that is void and the qualifications set forth in the *Evans* line of cases do not apply to such a situation. *People v. Catron*, 285 Ill. App. 3d 36, 37-38, 674 N.E.2d 141, 142 (1996). Therefore, we will consider defendant's argument.

■ Police departments and governmental agencies are not considered victims for restitution purposes because, where public money is expended for law enforcement purposes, the expenditure is part of the agency's normal operating costs. *People v. Derengoski*, 247 Ill. App. 3d 751, 754-55, 617 N.E.2d 882, 884-85 (1993). However, despite this general rule, a defendant may agree to make restitution to a law enforcement agency in a plea agreement, and both parties to the agreement will be bound by it. *Lawrence*, 206 Ill. App. 3d at 625, 565 N.E.2d at 324. Here, the trial court was informed by the prosecutor and defense counsel that defendant had agreed to make restitution to the Task Force. Nothing in the record on appeal suggests that defendant's agreement in this regard was anything other than completely voluntary. Therefore, we reject his argument.

For the reasons stated, we affirm defendant's conviction and sentence.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.