THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY D. KNOWLES, Defendant-Appellant.

Second District    No. 2—98—0556

Opinion filed August 2, 2000.

Richard M. Butera, of Rockford, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE THOMAS delivered the opinion of the court:

The defendant, Gary D. Knowles, was indicted for possessing cocaine with the intent to deliver. The defendant had 500 grams of cocaine in his possession and was indicted under section 401(a)(2)(C) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/401(a)(2)(C) (West 1996)). Under this charge, the defendant faced between 12 and 50 years in prison.

The defendant entered into an agreement with the State whereby the defendant would plead guilty to a lesser charge of possessing between 1 and 15 grams of cocaine with the intent to deliver the same under section 401(c)(2) of the Act (720 ILCS 570/401(c)(2) (West 1996)) in exchange for the State's dismissal of the greater charge brought pursuant to 401(a)(2)(C) of the Act. Under the lesser charge, the defendant faced a minimum of 4 years in prison and a maximum of 15 years in prison.

The defendant accepted the agreement and pleaded guilty to the lesser offense. A sentencing hearing was conducted, and, in addition to fining the defendant, the court sentenced him to four years in prison. After the defendant was sentenced, the court told the defendant that he had 30 days either to file a motion to withdraw his guilty plea or file a motion asking the court to reconsider his sentence. The court told the defendant that he could file one or both motions, but if he filed a motion to withdraw his guilty plea, then the State could prosecute the defendant under the original indictment.

On February 18, 1998, the defendant filed a motion to reconsider his sentence. On April 3, 1998, the court lowered the street-value fine assessed against the defendant but otherwise denied the defendant's motion to reconsider the sentence. The defendant subsequently filed his notice of appeal on May 1, 1998. On appeal, the defendant argued that his sentence should be overturned because the trial court improperly considered certain factors during his sentencing hearing. In an opinion filed May 3, 1999, this court, with one justice dissenting, held that the defendant's appeal must be dismissed because the defendant failed to file a motion to withdraw his guilty plea as required under the rationale expressed in *People v. Evans*, 174 Ill. 2d 320 (1996), and *People v. Linder*, 186 Ill. 2d 67 (1999). On June 26, 2000, the Illinois Supreme Court issued its mandate vacating our May 3, 1999 (see *People v. Knowles*, 304 Ill. App. 3d 472 (1999)), opinion with directions to reconsider our opinion in light of the supreme court's subsequent decision in *People v. Lumzy*, 191 Ill. 2d 182 (2000).

In *Lumzy*, the defendant was charged with the offense of aggravated battery and robbery. The defendant pleaded guilty to robbery in exchange for the State's dismissal of the aggravated battery charge. *Lumzy*, 191 Ill. 2d at 183. The supreme court distinguished *Evans* and *Linder*, stating that, in contrast to *Evans* and *Linder*, the plea bargain in *Lumzy* was utterly silent as to the sentence that the defendant would receive. *Lumzy*, 191 Ill. 2d at 187. The *Lumzy* court held that, under the circumstances, the defendant was entitled to appeal the length of his sentence. *Lumzy*, 191 Ill. 2d at 187. We find *Lumzy* to be directly on point here. Accordingly, we will consider the merits of the defendant's appeal.

The defendant claims on appeal that the trial court improperly emphasized the seriousness of the offense, failed to consider all the factors in mitigation, considered that the defendant sold drugs for profit, considered the total amount of drugs confiscated, and considered that he refused to answer questions at the sentencing hearing about his sale of drugs on other occasions.

A trial court's sentencing decisions are entitled to great deference

and weight, and the standard of review is whether the trial court abused its discretion in imposing the sentence. *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977). When the weight placed on an improperly considered aggravating factor is so insignificant that it did not lead to a greater sentence, a remand for resentencing is not required. *People v. McCain*, 248 Ill. App. 3d 844, 853 (1993).

In the instant case, the offense for which the defendant was convicted was a probationable offense, which also allowed for a prison term of 4 to 15 years. The trial court determined that probation was not appropriate given the seriousness of the offense. The trial court stated that an appropriate sentence would be between six and eight years in prison, but because of the evidence in mitigation, the court would impose the minimum prison sentence of four years. The court further stated that, even excluding the facts that the defendant made a profit from his sale of drugs and had failed to answer questions at sentencing, the sentence imposed was proper. Under the circumstances, we find that no reversible error appears in the record and that the trial court did not abuse its discretion in imposing a four-year sentence for the crime.

Accordingly, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

McLAREN and RAPP, JJ., concur.