THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN D. HARDEN, Defendant-Appellant.

Fourth District    No. 4—99—0082

Opinion filed April 10, 2001.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Timothy J. Willis, State's Attorney, of Sullivan (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On July 31, 1998, defendant John D. Harden entered a negotiated plea of guilty to a charge of possession with intent to deliver 15 grams or more, but not more than 100 grams, of a substance containing cocaine. 720 ILCS 570/401(a)(2)(A) (West 1996). The charges were brought following a controlled buy from defendant. Pursuant to the

plea agreement, the State nol-prossed charges of unlawful possession of 15 grams or more, but not more than 100 grams, of a substance containing cocaine (720 ILCS 570/402(a)(2)(A) (West 1996)), and unlawful delivery of 1 gram or more, but less than 15 grams, of a substance containing cocaine (720 ILCS 570/401(c)(2) (West 1996)). The State also agreed to cap its sentencing recommendation at 20 years' imprisonment. The trial court imposed a 16-year sentence. Defendant filed a motion for reconsideration of sentence, which the trial court denied.

This court affirmed defendant's convictions and sentence on appeal. *People v. Harden*, 311 Ill. App. 3d 406, 724 N.E.2d 566 (2000). Defendant filed a petition for leave to appeal. The Supreme Court of Illinois denied that petition; however, in the exercise of that court's supervisory authority, it vacated this court's judgment and remanded for reconsideration in light of its decision in *People v. Diaz*, 192 Ill. 2d 211, 735 N.E.2d 605 (2000). *People v. Harden*, 191 Ill. 2d 545, 735 N.E.2d 1001 (2000) (nonprecedential supervisory order). We now reconsider our prior decision in light of *Diaz* and affirm.

At the guilty plea hearing, the prosecutor indicated that the sum of $644, which was the subject of a civil forfeiture proceeding against defendant, would be used to pay any fines, costs, and other assessments the trial court may impose at sentencing. At the September 4, 1998, sentencing hearing, the prosecutor advised the trial court that defendant had agreed that the money from the forfeiture proceeding would first be applied to defendant's restitution obligation to the East Central Illinois Task Force (Task Force). Defense counsel confirmed this agreement. Following presentation of evidence, arguments of counsel, and a statement in allocution by defendant, the trial court imposed a sentence of 16 years in prison. In addition, the court imposed a $3,000 statutory drug assessment, a $50 state drug lab fee, a $2,520 street-value fine, and $250 restitution to the Task Force for "buy money." In advising defendant of his appeal rights, the trial court stated:

"Now, [defendant], it's my obligation to advise you of your right to an appeal. In order to perfect that right you are required to file in the office of the Clerk of this Court, within 30 days of this date, either one, a [m]otion for [l]eave to [w]ithdraw [y]our [p]lea of [g]uilty, and instead plead not guilty, if the judgment, conviction[,] and sentence of this court are being contested, or, two, a [m]otion for the [c]ourt to reconsider the sentence which has been imposed upon you, if only the sentence is being contested.

In either type of [m]otion, you're required to specify the ground or grounds whereby you believe some error or errors have been

committed that resulted in your conviction, the judgment and sentence of this court. And any error or claim of error that's not raised in either of such [m]otions, is waived, and you may not later in the appellate process come back and claim it."

Defendant's motion and supplemental motion to reconsider sentence were denied by the trial court at a hearing on January 22, 1999. Defendant appealed.

In his appeal, defendant argues (1) that the prison sentence imposed upon him is excessive and (2) the East Central Illinois Task Force is not a victim within the meaning of the restitution statute (730 ILCS 5/5—5—6 (West 1996)). Initially, however, appellate counsel acknowledges in defendant's initial brief that defendant's appeal is subject to dismissal, pursuant to our supreme court's recent decision in *People v. Linder*, 186 Ill. 2d 67, 708 N.E.2d 1169 (1999). In that consolidated case, the court decided that the rule announced in *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996), applied to negotiated guilty pleas in which the State agreed to a cap on its sentencing recommendation. Thus, the two defendants in *Linder* were not entitled to appeal their sentences because they had not first sought in the trial court to withdraw their guilty pleas and vacate the judgments. *Linder*, 186 Ill. 2d at 75, 708 N.E.2d at 1173. *Linder* also held that where a defendant has failed to comply with the motion requirements of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), the appellate court must dismiss the appeal. *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173.

The *Linder* decision evolved from the supreme court's decision in *Evans*, where it was held that a defendant who enters a negotiated guilty plea may not challenge his sentence by filing a motion to reconsider but, rather, must move to withdraw his guilty plea and vacate the judgment and show that granting the motion is necessary to correct a manifest injustice. The provisions of Rule 604(d) regarding motions to reconsider sentences apply only to open guilty pleas (*Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250) and to those negotiated as to charge only (*People v. Lumzy*, 191 Ill. 2d 182, 187, 730 N.E.2d 20, 22-23 (2000)).

Defendant argues that *Linder* should not be applied to his case because the trial court failed to admonish him as to the "proper" post-sentencing motion to file, *i.e.*, advise him which motion to file consistent with case law. Although defendant's guilty plea was not fully negotiated, it was a negotiated plea in two respects. First, the State agreed to dismiss two other counts of the information in return for defendant's guilty plea to the one charge, and, second, the State agreed to cap its sentencing recommendation at 20 years in prison. Under

these circumstances, defendant's guilty plea was subject to the qualifications of Rule 604(d) motion requirements set forth in *Evans* and *Linder*. Thus, defendant is precluded from raising on appeal the issue of whether his sentence was excessive because he did not file in the trial court a motion to withdraw his plea and vacate the judgment.

In support of his contention that this issue should be considered, defendant cites several cases from other districts of the appellate court that have remanded for the giving of proper admonitions in situations such as the one here. We have reviewed *People v. Knowles*, 304 Ill. App. 3d 472, 710 N.E.2d 1238 (1999), *vacated & remanded with directions*, 189 Ill. 2d 670, 730 N.E.2d 52 (2000) (nonprecedential supervisory order), *aff'd on remand*, 315 Ill. App. 3d 600, 734 N.E.2d 184 (2000); *People v. Didier*, 306 Ill. App. 3d 803, 715 N.E.2d 321 (1999), *appeal denied*, 186 Ill. 2d 575, 723 N.E.2d 1165 (1999); *People v. Wright*, 311 Ill. App. 3d 1042, 725 N.E.2d 811 (2000), *appeal denied*, 191 Ill. 2d 558, 738 N.E.2d 935 (2000); *People v. Doguet*, 307 Ill. App. 3d 1, 716 N.E.2d 818 (1999), *appeal denied*, 191 Ill. 2d 541, 738 N.E.2d 930 (2000); and *People v. Foster*, 308 Ill. App. 3d 286, 719 N.E.2d 1163 (1999), *appeal denied*, 191 Ill. 2d 543, 738 N.E.2d 931 (2000).

■ Rule 605(b) requires trial courts to admonish defendants of their right to appeal following entry of a guilty plea. When the trial court admonished defendant here, Rule 605(b) required, among other requirements, that a defendant must be admonished that (1) he has a right to appeal; (2) prior to taking an appeal, he must file in the trial court within 30 days of the date on which sentence is imposed a written motion to reconsider the sentence or to have the judgment vacated and for leave to withdraw his guilty plea; and (3) in any appeal taken from the judgment on the guilty plea, any issue or claim of error not raised in the motion to reconsider sentence or to vacate the judgment and withdraw the guilty plea shall be deemed waived. 145 Ill. 2d R. 605(b).

Supreme Court Rule 604(d) provided that no appeal from a judgment entered upon a plea of guilty may be taken unless the defendant, within 30 days of the date on which sentence was imposed, files in the trial court either a motion to withdraw the guilty plea or a motion to reconsider sentence. The motion must be in writing and state the grounds therefor. Upon appeal, any issue not raised in the postsentencing motion shall be deemed waived. 145 Ill. 2d R. 604(d).

■ Where a defendant fails to strictly comply with Rule 604(d), any appeal must be dismissed by the reviewing court. *People v. Foster*, 171 Ill. 2d 469, 471, 665 N.E.2d 823, 824 (1996). However, a necessary antecedent to requiring strict compliance by a defendant with Rule 604(d) is that the defendant be given the admonitions contained in

Rule 605(b). *People v. Jamison*, 181 Ill. 2d 24, 29, 690 N.E.2d 995, 998 (1998).

In the instant case, the trial court fully complied with the directives of Rule 605(b) as then written. We note in passing that Rule 605 has been amended and currently provides accurate admonitions of a defendant's appeal rights following a negotiated plea of guilty. 188 Ill. 2d R. 605(c).

■ In our prior opinion, we held that where a defendant has received admonitions that meet the requirements of Rule 605(b), he has been properly admonished and is not entitled to a remand for new admonitions upon dismissal of his appeal under *Linder*. *Harden*, 311 Ill. App. 3d at 413-14, 724 N.E.2d at 571. We continue to adhere to that view. *Diaz* does not require a different conclusion.

In *Diaz*, the defendant was charged with several offenses. In January 1996, defendant pleaded guilty to four counts of the indictment, and the State agreed to dismiss the remaining counts. The State also agreed that it would not object to concurrent sentences and that it would not seek extended-term sentences. *Diaz*, 192 Ill. 2d at 213, 735 N.E.2d at 606. In March 1996, the trial court sentenced defendant to concurrent prison terms. *Diaz*, 192 Ill. 2d at 216, 735 N.E.2d at 607-08. The court advised defendant that he had 30 days in which to file a motion to withdraw his guilty plea or reconsider sentence. In April 1996, defense counsel filed a motion for reconsideration of defendant's sentence. In July 1996, the trial court denied the motion. *Diaz*, 192 Ill. 2d at 217, 735 N.E.2d at 608.

On appeal, the supreme court held that *Evans* applied, requiring defendant to file a motion to withdraw his guilty plea before challenging his sentence. *Diaz*, 192 Ill. 2d at 218, 735 N.E.2d at 608. However, the court did not dismiss the appeal, as required by *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173. Rather, it vacated the judgments of the appellate and circuit courts and remanded the cause to the circuit court for new admonitions and to allow defendant an opportunity to move to withdraw his guilty plea. *Diaz*, 192 Ill. 2d at 227-28, 735 N.E.2d at 613.

The supreme court reasoned that the proceedings in the trial court had taken place well before the *Evans* decision was handed down; thus, neither the trial court nor defense counsel had the benefit of that decision. *Diaz*, 192 Ill. 2d at 227, 735 N.E.2d at 613. The court found the case to be similar to the factual circumstances in *People v. Clark*, 183 Ill. 2d 261, 270-71, 700 N.E.2d 1039, 1044 (1998), where the court remanded the defendant's case to the circuit court to allow defendant the opportunity to file a motion to withdraw his guilty plea.

The court found such a disposition to be appropriate because the proceedings in the circuit court in *Clark* took place approximately two years prior to the *Evans* decision. *Diaz*, 192 Ill. 2d at 227, 735 N.E.2d at 613.

■ Here, the defendant entered a plea of guilty on July 31, 1998. *Evans* was decided in 1996, some two years prior to defendant's plea of guilty. In this case, the proceedings occurred subsequent to *Evans*. There is no dispute that the trial court and all parties were aware of the *Evans* decision. The defendant is not entitled to a remand for new admonitions.

The supreme court in *Diaz* stated:

> "We find that defendant negotiated a plea agreement with the State in regard to both the charging and sentencing aspects of his case. Therefore, this cause is factually analogous to *Evans* and *Linder.* ***
>
> Accordingly, the appellate court majority erred in this case when it determined that *Evans* did not apply because the State did not recommend a specific sentence as part of its agreement with defendant." *Diaz*, 192 Ill. 2d at 223-24, 735 N.E.2d at 611-12.

We find further support for our decision in the supreme court's statements in *Diaz*:

> "[W]e take this opportunity to reiterate that where a plea agreement reached between a defendant and the State is silent as to sentencing, a defendant is not required to move to withdraw his guilty plea as a prerequisite to challenging his sentence. *Lumzy*, 191 Ill. 2d at 187. A plea bargain which is silent as to sentencing is analogous to an 'open' plea, and the motion-to-reconsider-sentence clause of Rule 604(d) applies. *Evans*, 174 Ill. 2d at 332. However, where a plea agreement between a defendant and the State concerns both the charging and sentencing aspects of the defendant's case, the contract principles animating the *Evans* decision apply, because, under these circumstances, the sentence is premised upon the plea. See *Evans*, 174 Ill. 2d at 327. The existence of a sentencing concession by the State activates the application of the *Evans* rule, as the sentence is thereby made a part of the bargain between the parties. Therefore, if a plea agreement limits or forecloses the State from arguing for a sentence from the full range of penalties available under law, in order to challenge his sentence, a defendant must first move to withdraw his plea in the trial court. If the court grants the motion, both parties are then returned to the status quo as it existed prior to the acceptance of the plea." *Diaz*, 192 Ill. 2d at 225, 735 N.E.2d at 612.

Defendant cites no authority authorizing the trial court to deviate from the admonitions required by supreme court rules; nor does the

supreme court decision in *Diaz* declare that the trial court's giving admonitions in conformance with Rule 605(b) amounts to a violation of due process in light of *Evans* and its progeny. *People v. Jogi*, 317 Ill. App. 3d 532, 538, 740 N.E.2d 88, 92 (2000) (discussing this issue in the context of a postconviction proceeding). In this case, defendant's attorney filed the motion to reconsider the sentence. We decline to address the issue of whether defendant's sentence was excessive and further decline to remand for new admonitions.

■ Defendant's second argument on appeal is that the trial court erred in ordering him to pay restitution to the Task Force because that agency is not a "victim" within the meaning of the restitution statute (730 ILCS 5/5—5—6(b) (West 1996)). Defendant failed to raise this issue in his Rule 604(d) motion, and the State argues that he has forfeited this issue on appeal. However, a void order may be attacked at any time and is not forfeited by failing to raise the issue in the trial court. *People v. Lawrence*, 206 Ill. App. 3d 622, 624, 565 N.E.2d 322, 324 (1990). We also note that a defendant may attack a part of his sentence that is void, and the qualifications set forth in the *Evans* line of cases do not apply to such a situation. *People v. Catron*, 285 Ill. App. 3d 36, 37-38, 674 N.E.2d 141, 142 (1996) (if defendant raised argument that trial court imposed maximum sentence based in part on improper consideration of a factor inherent in the crime, *Evans* would not foreclose a motion to reconsider sentence without vacating plea). Therefore, we will consider defendant's argument.

■ Police departments and governmental agencies are not considered victims for restitution purposes because, where public money is expended for law enforcement purposes, the expenditure is part of the agency's normal operating costs. *People v. Derengoski*, 247 Ill. App. 3d 751, 754-55, 617 N.E.2d 882, 884-85 (1993). However, despite this general rule, a defendant may agree to make restitution to a law enforcement agency in a plea agreement, and both parties to the agreement will be bound by it. *Lawrence*, 206 Ill. App. 3d at 625, 565 N.E.2d at 324. Here, the trial court was informed by the prosecutor and defense counsel that defendant had agreed to make restitution to the Task Force. Nothing in the record on appeal suggests that defendant's agreement in this regard was anything other than completely voluntary. Therefore, we reject his argument.

The judgment of the circuit court of Moultrie County is affirmed.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.