THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANCIS X. LEAHY III, Defendant-Appellant.

Fourth District    No. 4—99—0198

Opinion filed June 28, 2001.

Daniel D. Yuhas and John M. McCarthy, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

On December 8, 1998, defendant, Francis X. Leahy III, entered a negotiated plea of guilty to one count of unlawful delivery of more than 30 grams but not more than 500 grams of cannabis (720 ILCS 550/5(d) (West 1998)). The plea agreement included a recommended sentence cap of $3\frac{1}{2}$ years' imprisonment. On January 17, 1999, the trial court sentenced Leahy to $3\frac{1}{2}$ years' imprisonment, admonishing him in conformity with Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)) as it then existed. Leahy appeals the trial court's denial of his motion to reconsider sentence. We vacate the trial court's order and remand with directions.

This case is one of several that have recently come before our court. Each may differ slightly in the particulars but all involve essentially the same scenario: the defendant pleaded guilty with an agreement as to sentencing. The trial court advised the defendant that to perfect an appeal, he could file either a motion to withdraw his plea or a motion to reconsider his sentence. In many cases, this advice was

incorrect as a matter of law. Filing a motion to reconsider would result in the dismissal of the appeal, not its perfection. Is a defendant so situated entitled to relief?

Historically, Rule 605(b)(2) (145 Ill. 2d R. 605(b)(2)) provided that, prior to taking an appeal, a defendant who pleaded guilty must file either a motion to reconsider sentence or a motion for leave to withdraw his plea. The trial court was required to so advise the defendant when it pronounced sentence. 145 Ill. 2d R. 605(b). Subsequently, the case law underwent considerable evolution. In *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250-51 (1996), the court held—based on elementary contract principles—that a defendant who had negotiated a specific sentencing recommendation as part of a guilty plea could not later challenge that sentence without first withdrawing his plea. In *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172-73 (1999), the court extended this reasoning to defendants who had merely negotiated a sentencing range or cap, so long as the sentence actually imposed fell within the negotiated range. In contrast, *People v. Lumzy*, 191 Ill. 2d 182, 187, 730 N.E.2d 20, 22-23 (2000), essentially held that some type of agreement as to sentencing was necessary to require a motion to withdraw the plea as a precondition for appeal.

As of November 1, 2000, Rule 605(b) was amended to provide two different forms of advice—one for defendants who had negotiated some aspect of their sentencing, another for those who had not. Under amended Rule 605, the former are now correctly informed that withdrawal of their guilty plea is the only manner in which to perfect an appeal, while the latter continue to be informed of their alternatives. See 188 Ill. 2d Rs. 605(b)(2), (c)(2). In the period between the various case law decisions of the supreme court and the amendment of Rule 605, however, defendants entering negotiated guilty pleas received incorrect advice from the trial court.

When defendants complained of the inconsistency on appeal, every other district considering the issue concluded that fundamental fairness required that such cases be remanded to the trial court for proper advice and the opportunity to move to withdraw the plea, if defendants so chose. See *People v. Knowles*, 304 Ill. App. 3d 472, 475, 710 N.E.2d 1238, 1240 (1999), *vacated and remanded with directions*, 189 Ill. 2d 670, 730 N.E.2d 52 (2000), *affirmed on remand*, 315 Ill. App. 3d 600, 734 N.E.2d 184 (2000) (Second District); *People v. Didier*, 306 Ill. App. 3d 803, 809, 715 N.E.2d 321, 325 (1999), *appeal denied*, 186 Ill. 2d 575, 723 N.E.2d 1165 (1999) (Second District); *People v. Wright*, 311 Ill. App. 3d 1042, 1048, 725 N.E.2d 811, 816 (2000), *appeal denied*, 191 Ill. 2d 558, 738 N.E.2d 935 (2000) (Fifth District); *People v. Doguet*, 307 Ill. App. 3d 1, 6-7, 716 N.E.2d 818, 822 (1999), *appeal denied*, 191

Ill. 2d 541, 738 N.E.2d 930 (2000) (Second District); *People v. Foster*, 308 Ill. App.' 3d 286, 290, 719 N.E.2d 1163, 1165 (1999), *appeal denied*, 191 Ill. 2d 543, 738 N.E.2d 931 (2000) (Third District). We, however, refused to hold that a defendant who had been incorrectly admonished was entitled to remand. See *People v. Jogi*, 308 Ill. App. 3d 302, 719 N.E.2d 798 (1999) (postconviction petition), *vacated and remanded with directions*, 191 Ill. 2d 547, 738 N.E.2d 906 (2000) (nonprecedential supervisory order).

On October 4, 2000, in an exercise of its supervisory authority, the supreme court vacated our decision in *Jogi* and in every other similar case pending before this district, directing us to reconsider our judgment in light of its decision in *People v. Diaz*, 192 Ill. 2d 211, 735 N.E.2d 605 (2000). See *People v. Jogi*, 191 Ill. 2d 547, 738 N.E.2d 906 (2000) (nonprecedential supervisory order vacating and remanding with directions); *People v. Leahy*, 191 Ill. 2d 548, 735 N.E.2d 1002 (2000) (instant case), (nonprecedential supervisory order vacating and remanding with directions); *People v. Harden*, 191 Ill. 2d 545, 735 N.E.2d 1001 (2000) (nonprecedential supervisory order vacating and remanding with directions); *People v. Island*, 191 Ill. 2d 547, 735 N.E.2d 1001 (2000) (nonprecedential supervisory order vacating and remanding with directions). *Diaz* was another opinion that compared and contrasted several different plea scenarios, eventually concluding that *Evans*-type principles applied to the defendant's plea. *Diaz*, 192 Ill. 2d at 218-24, 735 N.E.2d at 608-612. However, *Diaz* also marked the first time the supreme court had addressed the disparity between Rule 605(b) admonishments and the case law. At the conclusion of its opinion, the court accepted Diaz's request that the case be remanded for proper admonishment and the opportunity to move to withdraw his guilty plea. *Diaz*, 192 Ill. 2d at 226-28, 735 N.E.2d at 613.

In the closing remarks of *Diaz*, the court seemed to indicate that a "notice" or "timing" analysis was important by going out of its way to point out that neither *Evans* nor its progeny were available to Diaz when he entered his plea. *Diaz*, 192 Ill. 2d at 227, 735 N.E.2d at 613. In light of those comments, upon reconsideration we generally reaffirmed, noting that the relevant case law had been available to the defendants before our court. See *People v. Jogi*, 317 Ill. App. 3d 532, 537, 740 N.E.2d 88, 92 (2000) (*Jogi II*), *vacated & remanded with directions*, 194 Ill. 2d 575, 744 N.E.2d 1271 (2001) (nonprecedential supervisory order); *People v. Harden*, 321 Ill. App. 3d 203, 209, 747 N.E.2d 1095, 1100 (2001).

We were wrong. The supreme court yet again vacated our *Jogi II* decision. This time, however, the court did not remand the case to us; instead, the case was sent directly to the circuit court "with directions

to enter an order allowing defendant an opportunity to file a motion to withdraw guilty plea." *People v. Jogi*, 194 Ill. 2d 575, 576, 744 N.E.2d 1271, 1271 (2001). Despite the fact that supervisory orders are of limited precedential value (*People v. Boykin*, 94 Ill. 2d 138, 146, 445 N.E.2d 1174, 1178 (1983)), the inescapable conclusion is that the timing of a defendant's plea, despite the language in *Diaz*, does not play as crucial a role as we had envisioned. We are compelled to conclude that despite some of the court's remarks, fundamental fairness dictates remand in all similar cases. To paraphrase *Linder*: "When *Jogi* first came before us, we remanded it to the appellate court for the express purpose of having the court reconsider its decision in light of *Diaz*. If we believed that *Diaz* were inapplicable, we would not have ordered that remand." See *Linder*, 186 Ill. 2d at 75, 708 N.E.2d at 1173.

Therefore, we vacate that order of the circuit court of Adams County, which denied Leahy's motion for reconsideration of sentence and remand the cause with directions to advise Leahy in conformity with the present version of Rule 605(c) (188 Ill. 2d R. 605(c)) and allow him the opportunity to move to withdraw his guilty plea. In light of our resolution of this issue, we need not address Leahy's argument that his trial counsel was ineffective for failing to file a motion to withdraw guilty plea.

Vacated and remanded with directions.

STEIGMANN, P.J., and KNECHT, J., concur.