THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NICHOLAS L. DOGUET, Defendant-Appellant.

Second District   No. 2—97—0830

Opinion filed August 25, 1999.—Rehearing denied September 24, 1999.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Lawrence D. Wechter, of Law Office of Larry Wechter, of Batavia, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Nicholas L. Doguet, pleaded guilty to second-degree murder (720 ILCS 5/9—2(a)(1) (West 1994)) in exchange for the State's agreement not to seek an extended-term sentence. After the circuit court of Winnebago County sentenced him to an 11-year prison term, defendant filed a motion to reconsider sentence, which was denied. Defendant appeals the denial of that motion, maintaining (a) that his sentence was excessive and (b) that the trial court erred in relying on uncorroborated hearsay testimony in determining his sentence. We dismiss defendant's appeal and remand the matter to the trial court.

On October 14, 1995, defendant's wife, Cindy Doguet, was shot and killed in a Holiday Inn in Rockford. That same day, defendant gave a statement to police and admitted shooting Cindy. Defendant told police that he shot her in the chest following her persistent verbal and physical attacks on him. A grand jury returned an indictment against defendant on October 25, 1995, charging him with alternative

counts of first-degree murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1994)). Defendant and the State subsequently entered into a plea agreement under which defendant agreed to plead guilty to second-degree murder. On March 25, 1997, the State filed an information charging defendant with second-degree murder under the theory that he shot Cindy while acting under a sudden and intense passion resulting from serious provocation. It appears from the record that the State dismissed the first-degree murder charges against defendant.

Also on March 25, 1997, defendant, defendant's attorney, and an assistant State's Attorney attended a hearing during which the attorneys informed the trial court of the plea agreement. Defense counsel stated that, under the agreement, the State would not seek an extended-term sentence. The assistant State's Attorney referred to the deal as "a partially negotiated plea agreement," and defense counsel called it an "open plea." The trial court admonished defendant pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402), accepted defendant's guilty plea, and continued the cause for sentencing.

The sentencing hearing began on May 20, 1997. Among the individuals who testified for defendant were four of his coworkers and his father. Defendant's coworkers testified that defendant was a dependable employee and a peaceful, nonviolent, and honest man. They also related stories depicting Cindy as a physically abusive wife and defendant as an extremely passive husband who refused to retaliate. For example, one witness observed an event in which Cindy beat defendant with closed fists but defendant merely covered up his head. In response to this testimony, the State introduced an undated letter purportedly authored by Cindy. Apparently recovered from defendant's truck, the letter referenced defendant's tendency to beat up his wife. It was signed "Love from your wife, Cindy Doguet." The State did not introduce another handwriting sample written by Cindy. Over defense counsel's objection, the trial court admitted the letter and found it reliable.

Despite the State's recommendation of a 20-year term of imprisonment, the trial court sentenced defendant to an 11-year term. Pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), the trial court advised defendant of his right to file a motion to withdraw his guilty plea *or* a motion to reconsider sentence. The trial court informed defendant that if he wanted to appeal his sentence, he would first have to file a motion to reconsider sentence. On June 19, 1997, defendant filed a motion to reconsider sentence in which he argued that his sentence was excessive and that the trial court erred in finding the letter reliable. The trial court denied that motion. Defendant never filed a motion to withdraw his guilty plea.

Defendant's first contention on appeal is that his sentence was excessive. According to the State, however, defendant waived this argument by not moving to withdraw his guilty plea. The State relies on *People v. Evans*, 174 Ill. 2d 320 (1996), in support of its position.

■ In *Evans*, a case involving consolidated appeals, our supreme court decided how Rule 604(d) applies to negotiated, as opposed to open, plea agreements. Rule 604(d) provides in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment." 145 Ill. 2d R. 604(d).

In *Evans*, the defendants and the State entered into negotiated plea agreements in which the defendants pleaded guilty to certain charges. In return, the State agreed to dismiss other charges and to recommend specific terms of imprisonment. After being sentenced to the recommended terms, both defendants appealed their sentences. Deciding the case under contract law principles, the court held that a defendant seeking to challenge the excessiveness of his sentence under these circumstances must first move to withdraw the guilty plea and vacate the judgment against him. *Evans*, 174 Ill. 2d at 332. The court reasoned that to allow a defendant to seek a modification of the agreed-upon sentence while binding the State to its part of the negotiated plea agreement would invalidate the plea agreement. *Evans*, 174 Ill. 2d at 327-28, 332.

Soon after the State filed its brief in the instant case, our supreme court decided *People v. Linder*, 186 Ill. 2d 67 (1999), another consolidated appeal. *Linder* addressed the situation where a defendant pleads guilty to a charge in exchange for the State's dismissing charges and recommending a sentence "cap." In both cases in *Linder*, the recommended sentence caps were less than the maximum nonextended sentences allowable under the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/1—1—1 *et seq.* (West 1994)). Further, the actual sentences imposed in both cases were less than the recommended sentence caps. The *Linder* court followed *Evans*, holding that a defendant who pleads guilty in exchange for a recommended sentencing cap "is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." *Linder*, 186 Ill. 2d at 74. Since neither defendant moved to withdraw his guilty plea and vacate the judgment against him, the supreme court held that the appellate court should have dismissed both appeals. *Linder*, 186 Ill. 2d at 74.

The Illinois Appellate Court, Second District, has decided three related cases since *Linder* was filed—*People v. Mast*, 305 Ill. App. 3d 727 (1999), *People v. Wyatt*, 305 Ill. App. 3d 291 (1999), and *People v. Knowles*, 304 Ill. App. 3d 472 (1999). All of these cases involved situations where the defendants pleaded guilty to certain charges and the State agreed only to dismiss other charges. In none of the plea agreements did the State agree to recommend a sentence, a sentencing cap, or a sentencing range. The panel in *Knowles* held that such negotiated plea agreements require defendants to move to withdraw their guilty pleas in order to challenge their sentences as excessive. *Knowles*, 304 Ill. App. 3d at 473, 475. The *Mast* and *Wyatt* panels, on the other hand, reached the exact opposite conclusion, holding that such plea arrangements do not require the filing of such a motion. *Mast*, 305 Ill. App. 3d at 731; *Wyatt*, 305 Ill. App. 3d at 294.

While we recognize this split in the second district, we find that these cases, along with *People v. Johnson*, 286 Ill. App. 3d 597 (1997), *overruled on other grounds by People v. Latona*, 184 Ill. 2d 260 (1998), are factually distinguishable from the instant case. In those cases, the parties made no agreement whatsoever as to a sentence recommendation, whereas the State in this case agreed not to pursue an extended-term sentence.

■ Prior to determining whether *Evans* and *Linder* control, we find it necessary to discuss Justice Freeman's special concurrence in *Linder*. There, Justice Freeman reviewed the differences between the three types of "negotiated" pleas. Two of these pleas—the "negotiated as to charge and/or sentence" plea and the "fully" negotiated plea—require a defendant to move to withdraw his guilty plea before challenging the excessiveness of his sentence. *Linder*, 186 Ill. 2d at 77-80 (Freeman, C.J., specially concurring). The remaining type of negotiated plea, the "negotiated as to charge" plea, requires only that a defendant file a motion to reconsider sentence to preserve his right to make such a challenge. *Linder*, 186 Ill. 2d at 77-80 (Freeman, C.J., specially concurring). According to Justice Freeman, whether a given plea agreement can be categorized as a "negotiated as to charge and/or sentence" plea or as a "negotiated as to charge" plea depends upon the sentencing concession made by the State. A plea agreement falls into the former category if the defendant pleads guilty "in exchange for a sentence recommendation or range." *Linder*, 186 Ill. 2d at 78 (Freeman, C.J., specially concurring). Under this scenario, due to its bargain with the defendant, the State "limit[s] its ability to argue at sentencing for a sentence from the full panoply of penalties contained in the Code of Corrections." *Linder*, 186 Ill. 2d at 79 (Freeman, C.J., specially concurring). The "negotiated as to charge" category, on the

other hand, applies to situations where the defendant pleads guilty to a charge but where the State makes no promises with respect to sentencing. *Linder*, 186 Ill. 2d at 77, 80 (Freeman, C.J., specially concurring). Under this scenario, the State retains its ability to seek "the full range of penalties provided for in the Code of Corrections including maximum sentences and extended terms." *Linder*, 186 Ill. 2d at 77 (Freeman, C.J., specially concurring).

In this case, defendant pleaded guilty to second-degree murder in exchange for (a) the dismissal of the first-degree murder counts and (b) the State's agreement not to seek an extended-term sentence. The applicable sentencing range for second-degree murder was 4 to 20 years (730 ILCS 5/5—8—1(a)(1.5) (West 1994)), and the maximum *extended*-term sentence was 30 years (720 ILCS 5/9—2(d) (West 1994); 730 ILCS 5/5—8—2(a)(3) (West 1994)). The State, in fact, sought a 20-year sentence.

We hold that *Evans* and *Linder* govern the plea agreement in this case, since the agreement falls squarely within Justice Freeman's "negotiated as to charge and/or sentence" category. Since the full sentencing range for the crime was 30 years, the State made a sentencing concession in this case by agreeing not to seek a sentence in excess of 20 years. Defendant received this benefit in exchange for his agreement to plead guilty to second-degree murder. By agreeing not to recommend an extended-term sentence, the State thus restricted itself from pursuing the "full panoply of penalties contained in the Code of Corrections." *Linder*, 186 Ill. 2d at 79 (Freeman, C.J., specially concurring). Despite the fact that the 20-year prison term recommended by the State was in fact the maximum nonextended term, we view the instant plea agreement as establishing a sentencing cap of 20 years. See *People v. Economy*, 291 Ill. App. 3d 212, 218 (1997) (*Evans* governed plea agreement in which the State agreed not to seek extended or consecutive prison terms).

The trial court sentenced defendant to an 11-year prison term. Yet by entering into the negotiated plea agreement with the State, defendant impliedly agreed that a sentence of 20 years or less would not be excessive. See *Linder*, 186 Ill. 2d at 74; *People v. Catron*, 285 Ill. App. 3d 36, 37 (1996). Therefore, the proper method for preserving his right to challenge his sentence on the ground that it was excessive was to file a motion to withdraw his guilty plea and vacate the judgment. *Linder*, 186 Ill. 2d at 74. In failing to file such a motion, defendant has waived the argument that his sentence was excessive.

However, since the trial court advised defendant that he could preserve his right to challenge the excessiveness of his sentence simply by filing a motion to reconsider sentence, we remand this cause so

that the trial court can admonish defendant pursuant to Rule 604(d). See *Knowles*, 304 Ill. App. 3d at 475 (where trial court advised defendant that he could file *either* a motion to withdraw his guilty plea *or* a motion to reconsider sentence, fundamental fairness required a remand for Rule 604(d) admonishments). On remand, defendant is to be advised of his right to file a motion to withdraw his guilty plea and the consequences thereof.

Parenthetically, we must note our belief that *People v. Smith*, 288 Ill. App. 3d 308 (1997), is no longer good law. The *Smith* court held that *Evans* does not apply to a plea agreement in which the State agrees to recommend a sentencing cap. *Smith*, 288 Ill. App. 3d at 315. However, in holding just the opposite, *Linder* impliedly overruled *Smith*. See *Linder*, 186 Ill. 2d at 74.

█ Defendant's second argument is that the trial court improperly relied on Cindy's letter in determining his sentence. Here, defendant is not merely complaining that his sentence is excessive; rather, he is essentially arguing that he did not receive a fair sentencing hearing. Such an argument compels judicial review. See *People v. Wilson*, 181 Ill. 2d 409, 413 (1998) (a challenge to the trial court's statutory authority to impose a particular sentence is not waived when the defendant fails to file a motion to withdraw his guilty plea); *Economy*, 291 Ill. App. 3d at 219 (motion to reconsider sentence is proper vehicle in which to argue that the trial court misapplied the law by considering improper sentencing factors). Nonetheless, we choose not to address defendant's second argument at this time, since, if the trial court were to grant a motion to withdraw defendant's guilty plea, such a decision would render defendant's second argument moot.

For the reasons stated, we dismiss the instant appeal and remand the cause for the trial court to admonish defendant of his right to file a motion to withdraw his guilty plea and the consequences thereof.

Appeal dismissed; cause remanded with directions.

THOMAS and RAPP, JJ., concur.