THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES R. BAILEY III, Defendant-Appellant.

Second District   No. 2—98—0695

Opinion filed February 4, 2000.

INGLIS, J., specially concurring.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, and Vincent R. Jones, of Jones & Associates, P.C., of Chicago, for appellant.

Charles W. Roddick, State's Attorney, of Galena (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Anne B.E. Hersemann, of Sleepy Hollow, for the People.

JUSTICE GEIGER delivered the opinion of the court:

Following a bench trial, the defendant, Charles Bailey III, was found guilty of aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 1996)) and sentenced to three years' imprisonment. On appeal, the defendant argues that (1) the evidence was insufficient to prove him guilty beyond a reasonable doubt; and (2) his sentence was excessive. We affirm.

On September 29, 1997, the defendant was charged by information with the offense of aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 1996)). The information alleged that, on September 27, 1997, the defendant fondled the sex organ of the victim, L.S.,

through her clothing. The information further alleged that, at the time of the incident, the victim was between the ages of 13 and 17 and that the defendant was at least 5 years older than the victim.

At trial, the victim testified that she was 15 years old. The victim testified that, on the evening of September 26, 1997, she was baby-sitting at the house of Jerry and Lisa McNett in Warren. She arrived at the McNetts' house at approximately 9:30 p.m. At this time, the McNetts' children were already asleep. The victim recalled seeing Jerry McNett, the defendant, and another couple in the house. Approximately 10 minutes after the victim arrived, these individuals departed.

At approximately 10:30 p.m., the defendant returned to the house. The defendant sat down in the same room where the victim was watching television and asked her some questions about what she was watching. The victim testified that the defendant was watching her as she watched television and that this made her feel uncomfortable. A short time later, her boyfriend, Dusty Hay, and her friend, Sarah Embry, arrived at the house. After the victim's friends arrived, the defendant left the house. At 11:45 p.m., the victim's friends left and the victim lay down on a couch to take a nap.

The victim testified that, when she awoke from her nap, the defendant was sitting on the couch with her. The defendant was sitting on the end of the couch with the victim's feet on his lap. The victim testified that the defendant's hand was between her legs and that he was rubbing her vagina through her jeans. The victim testified that she was afraid and uncomfortable. After the victim felt the defendant's hand, she sat up, put her shoes on, and left the house.

The victim testified that she then ran to a bar called "K.T.'s Place" to look for her parents. Although the victim did not find her parents, she did find Lisa McNett and Lou Boelke. The victim told both Lisa McNett and Lou Boelke what had happened. The victim was upset and was crying. When the victim walked outside the bar, she saw her mother, Jacqueline S., driving past her. The victim stopped her mother's car, and Lou Boelke told her mother what had happened. The victim and her mother walked to Lou Boelke's house across the street from the bar and called the police.

Dusty Hay testified that, on the evening of September 26, 1997, he went to the McNetts' house at approximately 11:30 p.m. to check on the victim because she had been feeling ill. Hay testified that Sarah Embry was with him when he went to see the victim. Hay testified that he saw the defendant at the house while he was there and that the defendant was "messing around" in the bathroom.

Lou Boelke also testified on behalf of the State. Boelke testified

that, during the early morning hours of September 27, 1997, the victim approached her at K.T.'s Place looking very upset. The victim told her that the defendant had touched her vagina. The victim told her that the defendant's conduct occurred as she was waking up and that "I thought I was dreaming, but I don't think I was."

Jacqueline S. testified that the victim was upset when she stopped her car. She further testified that the victim was unable to talk and that Lou Boelke had to tell her what had happened.

The defendant called Lisa McNett to testify on his behalf. Lisa McNett testified that she was the defendant's sister and that she had hired the victim to baby-sit on the night of September 26, 1997. Lisa McNett testified that the victim was upset when she spoke to her at the bar. The victim told McNett that she had been asleep and that she "thought" the defendant had touched her.

The defendant testified on his own behalf. At the time in question, the defendant was 24 years old. The defendant testified that, on the night of September 26, 1997, he had gone to a bar with several friends. When he ran out of money, he walked back to the McNetts' house to retrieve some cigarettes. The defendant was living at the McNetts' house at the time. The defendant went back to the bar and then returned to the McNetts' house at approximately midnight.

Once back at the McNetts' house, the defendant sat on a couch to remove his shoes and to search for the remote control for the television. The defendant testified that the victim was asleep on the couch at this time. While the defendant was searching for the remote control, the victim woke up. The defendant testified that he never touched the victim.

At the close of the evidence, the trial court found the defendant guilty of aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 1996)). Following a sentencing hearing, the trial court sentenced the defendant to three years' imprisonment. The defendant thereafter filed a timely notice of appeal.

The defendant's first argument on appeal is that he was not proved guilty beyond a reasonable doubt. The defendant argues that the victim was not certain as to whether the alleged conduct actually occurred. In support of his argument, the defendant relies on Lou Boelke's testimony that the victim stated that she might have been dreaming. The defendant also relies on Lisa McNett's testimony that the victim stated that she "thought" that the defendant had touched her.

When considering a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). The relevant question is whether, af-

ter viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Collins*, 106 Ill. 2d at 261. The determination of the weight to be given to the witnesses' testimony, their credibility, and the reasonable inferences to be drawn from the evidence is the responsibility of the fact finder. *Collins*, 106 Ill. 2d at 261.

In order to prove the offense of aggravated criminal sexual abuse, the State must prove (1) that the accused committed an act of sexual penetration or sexual conduct with the victim; (2) that the victim was between 13 and 17 years of age; and (3) that the accused was at least five years older than the victim. 720 ILCS 5/12—16(d) (West 1996). Sexual conduct is defined as the intentional or knowing touching or fondling by the accused of the sex organs of the victim, either directly or through clothing, for the purpose of the sexual gratification or arousal of the accused. 720 ILCS 5/12—12(e) (West 1996).

Based upon our review of the record, we believe that there was sufficient evidence to find the defendant guilty of aggravated criminal sexual abuse beyond a reasonable doubt. The evidence demonstrated that the victim was between the ages of 13 and 17 at the time in question and that the defendant was more than five years older than the victim. Additionally, the victim clearly and unequivocally testified as to the defendant's act of sexual conduct. We note that the testimony of a single witness is sufficient to convict if the testimony is positive and credible, notwithstanding the fact that the testimony was contradicted by the accused. *People v. Daily*, 41 Ill. 2d 116, 120 (1968). Finally, based on the evidence detailed above, we believe that the trial court could reasonably infer that the defendant engaged in this act for the purposes of sexual arousal. See *People v. Ikpoh*, 242 Ill. App. 3d 365, 387 (1993) (sexual arousal may be inferred from the circumstances).

The defendant asserts that the victim's testimony was not credible in light of the victim's statement to Boelke that she might have dreamed the incident. The defendant also notes that the victim told Lisa McNett that she "thought" that the defendant had touched her. However, at trial, the victim clearly and unequivocally testified that the conduct did in fact take place. The victim also promptly reported the event to the police that same evening. See *People v. Duplessis*, 248 Ill. App. 3d 195, 199 (1993) (in a sexual abuse case, evidence that a complaint was promptly made is admissible in assessing the victim's credibility). The trial court found the victim to be a credible witness and rejected the defendant's contention that she had dreamed the events. Based upon the record before us, we cannot say that such a de-

termination was unreasonable, and we believe that the evidence was sufficient to prove the defendant guilty beyond a reasonable doubt. See *People v. Gunartt*, 218 Ill. App. 3d 752, 759 (1991).

■ The defendant's second contention on appeal is that his three-year sentence was excessive. The defendant argues that, in determining the appropriate sentence, the trial court placed too much weight on his failure to enter a substance abuse program. The defendant asserts that probation would have been a more appropriate disposition.

The defendant has waived any objection to his sentence by failing to file a postsentencing motion in the trial court. See *People v. Reed*, 177 Ill. 2d 389, 393 (1997) (holding that section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1996)) requires that sentencing issues be raised in the trial court to preserve those issues for review). There is also no other basis pursuant to which we may review the sentence, as the defendant has not argued that his sentencing challenge amounted to plain error or that he was denied the effective assistance of trial counsel. *Reed*, 177 Ill. 2d at 395. Although it is true that the trial court did not admonish the defendant of his obligation to file a postsentencing motion in order to preserve all sentencing issues for appeal, the trial court was not obligated to provide such an admonishment under Supreme Court Rule 605 (145 Ill. 2d R. 605). See *People v. Corrie*, 294 Ill. App. 3d 496, 508 (1998). Accordingly, we conclude that the defendant has waived this issue on appeal.

For the foregoing reasons, the judgment of the circuit court of Jo Daviess County is affirmed.

Affirmed.

THOMAS, J., concurs.

JUSTICE INGLIS, specially concurring:

I agree with the majority that, under the current state of the law, the defendant has waived any objection to his sentence by failing to file a postsentencing motion as the law requires. I also agree that the defendant has no other avenue in which he could have preserved his sentencing issues and that the supreme court rules do not provide such an admonition. Rule 605(a) requires the trial court to advise the defendant of his right to appeal, to request the clerk to prepare and file a notice of appeal, to be furnished with a transcript of the proceedings at his trial, and to have counsel appointed on appeal; it also requires the court to inform the defendant that his right to appeal will be preserved only if a notice of appeal is filed in the trial court within

30 days from the date of the sentence. The rule does not require the trial court to provide an admonition regarding the defendant's obligation to preserve sentencing issues on appeal. 145 Ill. 2d R. 605(a). Highlighting all of these admonitions and omitting an admonition that the defendant must file a postsentencing motion in the trial court in order to preserve sentencing issues on appeal, as provided in section 5—8—1(c) (730 ILCS 5/5—8—1(c) (West 1996)), only serve to mislead the defendant. I find this to be unjust and respectfully suggest that the supreme court review Rule 605(a).