THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PRIEST D. LITTLE, Defendant-Appellant.

Second District    No. 2—99—0736

Opinion filed January 5, 2001.

O'MALLEY, J., specially concurring.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Lawrence D. Wechter, of Law Office of Larry Wechter, of Batavia, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Barry W. Jacobs, of Chicago, for the People.

JUSTICE RAPP delivered the opinion of the court:

A jury found defendant, Priest D. Little, guilty of aggravated unlawful restraint (720 ILCS 5/10—3.1(a) (West 1998)), unlawful use of weapons (720 ILCS 5/24—1(a)(4) (West 1998)), armed robbery (720 ILCS 5/18—2(a) (West 1998)), armed violence (720 ILCS 5/33A—2 (West 1998)), and home invasion (720 ILCS 5/12—11(a)(1) (West 1998)). The trial court entered judgment on only the armed violence conviction and sentenced defendant to 22 years' imprisonment. On appeal, this court concluded that defendant's penalty for armed violence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). We vacated defendant's conviction of armed violence and remanded the cause for resentencing on the home invasion conviction. *People v. Little*, No. 2—97—0082 (1999) (unpublished order under Supreme Court Rule 23). On remand, defendant was sentenced to 16 years' imprisonment, and he appeals again, arguing that the sentence is excessive.

Defendant concedes that the trial judge admonished him in accordance with Supreme Court Rule 605(a) (145 Ill. 2d R. 605(a)). However, he claims that his procedural due process rights were violated when the trial judge failed to inform him of the need to file a postsentencing motion to preserve his sentencing challenge. Defendant also argues that trial counsel rendered ineffective assistance by failing to file a written postsentencing motion and by failing to promptly inform the trial court of the two codefendants' sentences. We affirm defendant's home invasion conviction and sentence.

At the resentencing hearing, the trial court determined that, although defendant's attitude and behavior had improved since he was first sentenced, the seriousness of the offense required a 16-year prison

term. Defense counsel argued that the sentence was excessive because a codefendant, Eiko Jones, had been sentenced to only a 13-year term. Rather than responding to counsel's additional argument, the trial court admonished defendant of his appeal rights under Rule 605(a). Defendant failed to file a postsentencing motion challenging his sentence, and he appeals again.

■ Defendant initially contends that the trial court was required on remand to admonish him that he would waive his right to challenge his sentence as excessive if he failed to file a written postsentencing motion. Section 5—8—1(c) of the Unified Code of Corrections (Code) defines the procedure for challenging a sentence before appealing and provides in relevant part:

> "(c) A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. *A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence.* However, the court may not increase a sentence once it is imposed." (Emphasis added.) 730 ILCS 5/5—8—1(c) (West 1998).

■ The purpose of section 5—8—1(c) is to require a defendant to raise in the trial court all sentencing issues to preserve those issues for appellate review. *People v. Reed*, 177 Ill. 2d 389, 393 (1997). Therefore, a defendant waives his claim that his sentence is excessive when he fails to raise the issue in a written postsentencing motion. *Reed*, 177 Ill. 2d at 395; *People v. Bailey*, 311 Ill. App. 3d 265, 270 (2000).

■ Defendant argues that the trial court's failure to advise him of the requirements of section 5—8—1(c) entitles him to a remand for the opportunity to file a written motion challenging the sentence. After a defendant is found guilty, Rule 605(a) requires the trial court to advise him of his appeal rights. 145 Ill. 2d R. 605(a). Rule 605(a) provides:

> "(a) On Judgment and Sentence After Plea of Not Guilty. In all cases in which the defendant is found guilty and sentenced to imprisonment, probation or conditional discharge, periodic imprisonment, or to pay a fine, or in which a sentence of probation or conditional discharge has been revoked or the conditions attached to such a sentence have been modified, except in cases in which the judgment and sentence are entered on a plea of guilty, the trial court shall, at the time of imposing sentence or modifying the conditions of the sentence, advise the defendant of his right to appeal, of his right to request the clerk to prepare and file a notice of appeal, and of his right, if indigent, to be furnished, without cost to him, with a transcript of the proceedings at his trial or hearing,

and, in cases in which the defendant has been convicted of a felony or a Class A misdemeanor or convicted of a lesser offense and sentenced to imprisonment, periodic imprisonment, or to probation or conditional discharge conditioned upon periodic imprisonment, or in which a sentence of probation or conditional discharge has been revoked or the conditions attached to such a sentence have ·been modified and a sentence or condition of imprisonment or periodic imprisonment imposed, of his right to have counsel appointed on appeal. The trial court shall also advise him that his right to appeal will be preserved only if a notice of appeal is filed in the trial court within 30 days from the date of the sentence." 145 Ill. 2d R. 605(a).

■ Defendant acknowledges that Rule 605(a) does not direct trial judges to advise defendants of the requirements of section 5—8—1(c). Nevertheless, defendant relies on recent cases involving Rule 605(b) (145 Ill. 2d R. 605(b)) in arguing that fundamental fairness requires a remand here. Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) defines the procedure a defendant must follow when appealing from a judgment entered on a guilty plea, and Rule 605(b) provides the admonitions the trial judge must give a defendant when imposing a sentence on the guilty plea. Rule 605(b) complements Rule 604(d) and serves as a corollary to the requirements of Rule 604(d). *People v. Jamison*, 181 Ill. 2d 24, 27 (1998).

Strict compliance with Rule 604(d) is a condition precedent to a defendant's appeal, and a defendant waives issues regarding his guilty plea if he does not follow the rule. *Jamison*, 181 Ill. 2d at 28. Therefore, fundamental fairness entitles a defendant to a remand for the proper admonitions under Rule 605(b) if the trial court (1) fails to deliver the admonitions (*Jamison*, 181 Ill. 2d at 29-30) or (2) delivers . inaccurate admonitions (*People v. Winston*, 316 Ill. App. 3d 618, 620 (2000); *People v. Doguet*, 307 Ill. App. 3d 1, 6-7 (1999)).

After a defendant pleads guilty, Rule 605(b) requires the trial court to admonish him of the need to file a written motion before appealing. In some cases, the defendant is incorrectly told that he will preserve his appeal rights by filing only a motion to reconsider the sentence, when, in fact, Rule 604(d) requires him to move both to reconsider the sentence and to withdraw the negotiated guilty plea and vacate the judgment. This court routinely grants a remand for proper Rule 605(b) admonitions in those instances where the defendant has been misled about which type of motion Rule 604(d) requires. See, *e.g.*, *Doguet*, 307 Ill. App. 3d at 6-7.

■ Defendant asks us to create a similar "admonition exception" to the *Reed* waiver rule for defendants who are not admonished of the

written motion requirement of section 5—8—1(c) of the Code. We conclude that such an exception is unnecessary. In this case, defendant was neither told that a written postsentencing motion was unnecessary nor misled about which type of motion was required. The trial court fully complied with Rule 605(a) and did not mention the motion requirement only because it is not included in the rule.

When the language of a supreme court rule is plain and unambiguous, courts should not read into the rule exceptions, limitations, or other conditions. *Jamison*, 181 Ill. 2d at 29. Because the plain language of Rule 605(a) does not require a trial court to advise the defendant of the written motion requirement of section 5—8—1(c), we will not read into the rule that additional condition.

A brief examination of another waiver rule supports our conclusion that defendant's due process claim is without merit. Ordinarily, a defendant waives an issue for appellate review if he fails to both object at trial and raise the issue again in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). If we were to adopt defendant's proposed admonition exception to the *Reed* waiver rule, other defendants might demand that we excuse their waiver of claims of trial error. However, nothing suggests that procedural due process requires a trial court to advise a defendant of the *Enoch* waiver rule. Furthermore, a defendant who waives a claim of trial or sentencing error may still request appellate review of the issue by claiming plain error.

■ Defendant next claims that his counsel rendered ineffective assistance by failing to (1) file a written postsentencing motion and (2) promptly inform the trial court of his codefendants' sentences. We conclude that defendant's argument is without merit. Under *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), defense counsel is ineffective only if (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's error prejudiced the defendant. A court need not decide whether counsel's performance was deficient before analyzing whether the defendant was prejudiced. *People v. Cortes*, 181 Ill. 2d 249, 295-96 (1998).

●7 Defendant was not prejudiced by counsel's failure to file a postsentencing motion because the trial court did not abuse its discretion at the resentencing hearing. Correctly noting that defendant's home invasion conviction rendered him eligible for 6 to 30 years' imprisonment (see 730 ILCS 5/5—8—1(a)(3) (West 1998)), the court reviewed the relevant aggravating and mitigating facts before imposing a 16-year term. Defendant's new prison term is much shorter than his previous 22-year sentence.

We also conclude that defendant was not prejudiced by defense counsel's delay in informing the trial court of Jones' 13-year sentence.

When arguing for a particular sentence, a party may advise the court of the disposition of a codefendant's case (730 ILCS 5/5—4—1(b) (West 1998)), and similarly situated codefendants should not be given arbitrarily or unreasonably disparate sentences (*People v. Kliner*, 185 Ill. 2d 81, 176 (1998)).

Here, defense counsel did not advise the court of Jones' sentence until after defendant was sentenced. After hearing the additional argument, the court could have modified defendant's sentence (see 730 ILCS 5/5—8—1(c) (West 1998)), but declined to do so. If counsel had made the argument earlier, the result likely would not have been different. We conclude that defendant was not prejudiced by counsel's conduct because the sentences imposed upon defendant and Jones are not unreasonably disparate.

Finally, defendant argues that he was prejudiced by counsel's failure to inform the court of the sentence of Hope Johnson, the other codefendant. It is impossible for us to determine whether defendant was prejudiced by the court's failure to consider Johnson's sentence because defendant has failed to tell us what that sentence is. As appellant, defendant has the burden to present a sufficiently complete record to support a claim of error, and any doubts that arise from the incompleteness of the record will be resolved against defendant. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Therefore, we determine that defendant was not prejudiced by counsel's failure to inform the trial court of Johnson's sentence.

In this case, the trial court admonished defendant according to Rule 605(a), and defendant waived his sentencing challenge by failing to file a postsentencing motion as required by section 5—8—1(c) of the Code. We hold that (1) Rule 605(a) does not require a trial court to advise a defendant of the need to file a postsentencing motion to preserve a sentencing challenge under section 5—8—1(c), and (2) a defendant's procedural due process rights are not violated when he is not so advised. Defendant does not allege that his sentence amounts to plain error, and we conclude that his ineffective assistance of counsel claim is without merit. Therefore, we affirm his conviction of and sentence for home invasion. See *Reed*, 177 Ill. 2d at 395.

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

COLWELL, J., concurs.

JUSTICE O'MALLEY, specially concurring:

I concur in the holding, but disagree that this is an appropriate case to reach the question of whether to create an "admonition exception" to the *Reed* waiver rule.

The defendant claims that he received ineffective assistance of counsel on the basis that, *inter alia*, his counsel failed to file a written postsentencing motion that would have preserved defendant's right to appeal his sentence. We are required to address the ineffective assistance of counsel claim, which in turn requires us to address the appropriateness of defendant's sentence. I agree with the majority that the record unequivocally demonstrates that the trial judge appropriately considered the aggravating and mitigating factors. In my view, the sentence is clearly not excessive and thus not an abuse of discretion. In so holding, we reach the merits of defendant's sentence claim, thus mooting the waiver issue. See *Bailey*, 311 Ill. App. 3d at 270 (holding that defendant waived any objection to his sentence by failing to file a postsentencing motion and that there was no other basis on which to review the sentence such as an ineffective assistance of counsel claim). Justice Inglis specially concurred in *Bailey*, suggesting that the supreme court review Rule 605(a) because it is misleading and unjust. *Bailey*, 311 Ill. App. 3d at 270-71 (Inglis, J., specially concurring).

I also respectfully suggest supreme court review of Rule 605(a) for the additional reason that defendants will simply, and rather compellingly, claim ineffective assistance of counsel when counsel fails to file a postsentencing motion but a notice of appeal regarding the sentence is filed. We will routinely have to consider the merits of the defendant's underlying sentence objection as we do in this case, thus thwarting the purpose of section 5—8—1(c) of the Unified Code of Corrections that objections to sentences be addressed first to the trial court.