No. 3--01--0744

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2003

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 10th Judicial Circuit,

       )  Tazewell County, Illinois,

Plaintiff-Appellee,       )

                                )

v.                         )  No. 00--CF--302

  )

ALAN W. BREEDLOVE,              )  Honorable

  )  J. Peter Ault,

Defendant-Appellant.       )  Judge Presiding.

________________________________________________________________

PRESIDING JUSTICE McDADE delivered the opinion of the court:

________________________________________________________________

Following a jury trial, defendant Alan W. Breedlove was convicted of the first degree murder (720 ILCS 5/9--1(a)(1) (West 2000)) of Valerie Rakestraw.  He was subsequently sentenced to 50 years' imprisonment.  Defendant appeals, claiming that the cause should be remanded to the trial court for admonishments pursuant to Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001).  We affirm the judgment of the circuit court.

BACKGROUND

The record shows that the trial court entered defendant's conviction on May 24, 2001, and set the cause for a sentencing hearing to be held August 10, 2001.  No posttrial motion was filed, and the cause proceeded to sentencing as scheduled.  At the close of the hearing, the trial court admonished defendant of his right to appeal and that such right would be preserved only if a notice of appeal was filed in the trial court within 30 days of sentencing.  See 188 Ill. 2d R. 605(a).  Under the rule in effect at that time, the trial court was not required to admonish a defendant of his obligation to preserve sentencing issues with a written motion filed within 30 days after the imposition of sentence.  See 730 ILCS 5/5--8--1(c) (West 2000).  Defendant did not file a timely postsentencing motion. 

ISSUE ON REVIEW

On appeal, defendant argues that "fundamental fairness" requires that the cause be remanded for further admonishments under Rule 605(a), which was amended effective October 1, 2001, nearly two months after defendant was sentenced.  The amended rule requires the trial court to admonish a defendant that sentencing issues must be preserved for appeal by filing a timely postsentencing motion.  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001.  In support of his position, defendant cites 
People v. Mazar
, 333 Ill. App. 3d 244, 775 N.E.2d 135 (2002), which is directly on point.

The State argues that 
Mazar
 is poorly reasoned and urges this court to adhere to the reasoning of decisions rendered prior to the October 1, 2001, amendment to Rule 605(a).  See 
People v. Little
, 318 Ill. App. 3d 75, 743 N.E.2d 594 (2001); 
People v. Bailey
, 311 Ill. App. 3d 265, 724 N.E.2d 1032 (2000); 
People v. Kyles
, 303 Ill. App. 3d 338, 708 N.E.2d 391 (1998).  In each of these cases, the court rejected the defendant's argument that the trial court must advise defendants of the need to preserve sentencing issues pursuant to section 5--8--1(c) of the Unified Code of Corrections (Code) (730 ILCS 5/5--8--1(c) (West 2000)). 

ANALYSIS

Resolution of the issue before us requires a brief historical overview of Supreme Court Rule 605(a) and related law.  Since August 11, 1993, section 5--8--1(c) of the Code (730 ILCS 5/5--8--1(c) (West 1994)) has required that a defendant file a written postsentencing motion in the trial court to preserve sentencing issues for appellate review.  
People v. Reed
, 177 Ill. 2d 389, 686 N.E.2d 584 (1997).  However, prior to October 1, 2001, Rule 605(a) did not include an admonishment about the potential waiver of sentencing issues if no postsentencing motion was filed.  See 
Bailey
, 311 Ill. App. 3d 265, 724 N.E.2d 1032. 

Between the 
Reed
 decision in 1997 and October 1, 2001, several appellate justices urged the supreme court to amend Rule 605(a) to include a section 5--8--1(c) admonishment, so that defendants seeking review of their sentences would preserve their sentencing issues by filing the required written motion in the trial court.  See, 
e.g.
, 
People v. Corrie
, 294 Ill. App. 3d 496, 690 N.E.2d 128 (1998); see also 
Bailey
, 311 Ill. App. 3d at 271, 724 N.E.2d at 1036 (Inglis, J., specially concurring); 
Little
, 318 Ill. App. 3d at 82, 743 N.E.2d at 600 (O'Malley, J., specially concurring).  Courts addressing the waiver of sentencing claims declined, however, to read into Rule 605(a) any additional exceptions, limitations or other conditions.  See, 
e.g.
, 
Bailey
, 311 Ill. App. 3d 265, 724 N.E.2d 1032; 
Little
, 318 Ill. App. 3d 75, 743 N.E.2d 594.

In 
Little
, the court expressly noted that a defendant who failed to preserve a sentencing issue by filing a written postsentencing motion pursuant to section 5--8--1(c) did not forfeit a substantive right, because he could still assert plain error on review.  
Little
, 318 Ill. App. 3d 75, 743 N.E.2d 594; see also 
Kyles
, 303 Ill. App. 3d 338, 708 N.E.2d 391; 
Bailey
, 311 Ill. App. 3d 265, 724 N.E.2d 1032.
  Accordingly, the court declined to find that due process was denied by the lack of such admonishment.  
Little
, 318 Ill. App. 3d 75, 743 N.E.2d 594.

After Rule 605(a) was amended to require trial courts to include the section 5--8--1(c) admonishment, the appellate court revisited the waiver of sentencing issues in 
Mazar
.  In 
Mazar
, as here, the trial court imposed sentence prior to October 1, 2001.  On review, the court acknowledged that the admonishments Mazar had received complied with the version of Rule 605(a) in effect at the time the defendant was sentenced (145 Ill. 2d R. 605(a)). 
 Mazar
, 333 Ill. App. 3d 244, 775 N.E.2d 135.  It does not appear that Mazar claimed error in the sentence imposed, and the appellate court found that the admonishments as given by the trial court did not deprive Mazar of due process.  
Mazar
, 333 Ill. App. 3d 244, 775 N.E.2d 135.  Nevertheless, analogizing to guilty plea cases arising under unamended Rule 605(b) (
e.g.
, 
People v. Leahy
, 322 Ill. App. 3d 974, 751 N.E.2d 634 (2001)), the court ruled that "fundamental fairness" required that the case be remanded to the trial court for further admonishments under Rule 605(a), as amended effective October 1, 2001.  
Mazar
, 333 Ill. App. 3d 244, 775 N.E.2d 135.

In our opinion, the 
Mazar
 court misapplied the concept of "fundamental fairness" to reach its result.  "Fundamental fairness" is a specific exception to the waiver doctrine, which warrants judicial review of procedurally defaulted claims only if actual prejudice has resulted from the claimed errors.  
People v. Pitsonbarger
, 205 Ill. 2d 444 (2002)
; 
People v. Jackson
, 205 Ill. 2d 247 (2001);
 
People v. Simpson
, 204 Ill. 2d 536 (2001); 
People v. Hudson
, 195 Ill. 2d 117, 745 N.E.2d 1246 (2001); 
People v. Mahaffey
, 194 Ill. 2d 154, 742 N.E.2d 251 (2000).

In the context of negotiated guilty plea cases arising under unamended Rule 605(b), where the defendant sought to challenge only his sentence, actual prejudice resulted from misinformation regarding the steps the defendant needed to take to preserve his right of appeal.  Under unamended Rule 605(b), the trial court admonished the defendant that he could appeal upon filing either a motion to reconsider sentence or a motion for leave to withdraw his guilty plea.  145 Ill. 2d R. 605(b).  Where a defendant in a negotiated plea case relied on the admonishments and elected to file only a motion to reconsider sentence, he thereby forfeited his right to appeal the very claims he sought to preserve for review.  See 
People v. Linder
, 186 Ill. 2d 67, 708 N.E.2d 1169 (1999).  Acknowledging the prejudice inherent in the loss of the valuable right to direct review, reviewing courts ruled that "fundamental fairness" required that such cases be remanded to the trial court for proper admonishments as contained in Rule 605(b), as amended effective November 1, 2000.  See 
People v. Diaz
, 192 Ill. 2d 211, 227, 735 N.E.2d 605, 613 (2000); 
Leahy
, 322 Ill. App. 3d 974, 751 N.E.2d 634.

No comparable loss or prejudice is implicit in admonishments given pursuant to unamended Rule 605(a).  Unlike Rule 605(b), unamended Rule 605(a) did not misinform defendants about the steps needed to perfect an appeal.  The rule was merely silent as to the potential waiver of sentencing issues, a matter clearly set forth in section 5--8--1(c) of the Code.  A defendant admonished under the rule and unaware of the law contained in section 5--8--1(c) might unknowingly waive sentencing issues.  See 
Little
, 318 Ill. App. 3d 75, 743 N.E.2d 594; see also 
Corrie
, 294 Ill. App. 3d 496, 690 N.E.2d 128.  However, since such a defendant could still obtain direct review of plain errors in his sentence, the unamended Rule 605(a) admonishments did not, 
ipso
 
facto
, deny fundamental fairness.  See 
Little
, 318 Ill. App. 3d 75, 743 N.E.2d 594.

In this case, the admonishments given by the trial court complied with the version of Rule 605(a) in effect at the time defendant was sentenced.  Defendant does not claim that the trial court erred in imposing sentence.  Nor has he shown that the trial court's admonishments under the unamended rule resulted in any prejudice to him.  We cannot say that fundamental fairness requires further admonishments.  See 
Bailey
, 311 Ill. App. 3d 265, 724 N.E.2d 1032; 
Little
, 318 Ill. App. 3d 75, 743 N.E.2d 594.  Accordingly, we hold that a remand to the trial court is not warranted.

CONCLUSION

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HOLDRIDGE and BARRY, JJ., concur.