(No. 96839.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ALAN W. BREEDLOVE, Appellant.

*Opinion filed December 16, 2004.*

Robert J. Agostinelli, Deputy Defender, and Jeremy

B. Harris, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Stewart Umholtz, State's Attorney, of Pekin (Gary Feinerman, Solicitor General, and Linda D. Woloshin and Jonathan J. Silbermann, Assistant Attorneys General, of Chicago, of counsel), for the People.

James K. Leven, of Chicago, *amicus curiae pro se.*

JUSTICE GARMAN delivered the opinion of the court:

Following a jury trial in the circuit court of Tazewell County in May 2001, defendant Alan W. Breedlove was convicted of first degree murder (720 ILCS 5/9—1(a)(1) (West 2000)). In August 2001, he was sentenced to 50 years' imprisonment. Upon imposing sentence, the trial court admonished defendant in accordance with Supreme Court Rule 605(a) (188 Ill. 2d R. 605(a)), which required the court to inform a defendant that, among other things, he had a right to an appeal and that he must file a notice of appeal in the trial court within 30 days of sentencing to preserve this right.

Under the rule in effect at the time, the trial court was not required to admonish a defendant of either the statutory requirement that a "challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence" (730 ILCS 5/5—8—1(c) (West 2000)) or the rule that sentencing issues not preserved by the filing of a written postsentencing motion in compliance with section 5—8—1(c) of the Unified Code of Corrections would be considered waived (*People v. Reed*, 177 Ill. 2d 389, 395 (1997)).

This court subsequently amended Rule 605(a) to require the additional admonishments regarding the need

to file a timely postsentencing motion and the resulting waiver for failure to do so. The amended rule took effect on October 1, 2001, two months after defendant was sentenced. Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(c), eff. October 1, 2001.

Defendant did not file a postsentencing motion. On appeal, he raised no issues with regard to his trial or sentencing. Rather, defendant argued only that fundamental fairness required that the cause be remanded to the trial court for further admonishments consistent with amended Rule 605(a), thus providing him with an additional opportunity to file a postsentencing motion. The appellate court rejected this claim, finding that the admonishments given by the trial court complied with the version of the rule in effect at the time and, although he was not advised that sentencing issues not raised in a postsentencing motion would be waived, he was not misinformed or misled by the admonishments he was given. In addition, the appellate court concluded that, waiver notwithstanding, defendant could still obtain review of any plain error in sentencing. However, because defendant did not claim any error in sentencing, plain error analysis was not necessary. 342 Ill. App. 3d 924. This court granted defendant's petition for leave to appeal (177 Ill. 2d R. 315), and we now affirm.

Because the question presented is purely one of law, we review the appellate court's decision *de novo*. *People v. Caballero*, 206 Ill. 2d 65, 87-88 (2002).

At oral argument, defendant argued, for the first time, that the 2001 amendment to Rule 605(a), which added the requirement that defendants be admonished of the need to file a postsentencing motion to preserve sentencing issues, should be applied retroactively to those defendants whose appeals were pending as of its October 1, 2001, effective date. He offered no authority for retroactive application of the amended rule. This retroac-

tivity argument was neither made before the appellate court nor raised in defendant's petition for leave to appeal. As such, it is waived. *People v. Donoho*, 204 Ill. 2d 159, 169 (2003).

In making his arguments in this appeal, defendant draws an analogy between his situation and that of a defendant who entered an open guilty plea under former Rule 605(b) (188 Ill. 2d R. 605(b)). Some background is in order. Prior to its amendment on November 1, 2000, Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) provided that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." To ensure that guilty plea defendants were informed of these requirements, the trial court was required to give the admonishments contained in Rule 605(b) regarding the right to appeal. Those admonishments told defendants, in relevant part, that prior to taking an appeal, they must file within 30 days of sentencing a written motion to reconsider the sentence or to have the judgment vacated and for leave to withdraw the guilty plea. However, in *People v. Evans*, 174 Ill. 2d 320, 332 (1996), this court held that the motion-to-reconsider-sentence clause of Rule 605(b) applied only to open guilty pleas. A defendant who had negotiated a plea as to charging and sentencing with the State was required to file a motion to withdraw his guilty plea. Subsequent cases refined this requirement. See, *e.g., People v. Lumzy*, 191 Ill. 2d 182, 187 (2000) (where no agreement as to sentencing is made, defendant not required to seek to withdraw guilty plea as a prerequisite to challenging the sentence); *People v. Clark*, 183 Ill. 2d 261, 268 (1998) (defendant who seeks

to challenge only the consecutive aspect of his sentence must file motion to withdraw guilty plea where the plea was entered pursuant to a negotiated plea); *Linder*, 186 Ill. 2d at 74 (where defendant pleads guilty in exchange for dismissal of certain charges and recommended sentencing cap, he must move to withdraw his guilty plea). We also held in *Linder* that where a defendant fails to comply with the motion requirements of Rule 604(d), the appellate court must dismiss the appeal. *Linder*, 186 Ill. 2d at 74. As of November 1, 2000, Rule 605(b) was amended to provide different forms of advice for defendants who had negotiated some aspect of their sentence and for those who had not. Official Reports Advance Sheet No. 23 (November 15, 2000), Rs. 605(b)(2), (c)(2), eff. November 1, 2000. However, in the interim, defendants who entered negotiated pleas as to their sentences received incorrect advice. They were told that they could either move to withdraw their guilty pleas or move to reconsider their sentences. Those defendants had their cases remanded for proper admonishments because they had been affirmatively misled by the trial court's advice, even though the admonishments were in accordance with the version of the rule then in effect. See *People v. Diaz*, 192 Ill. 2d 211, 227 (2000); *People v. Clark*, 183 Ill. 2d 261, 270 (1998); *People v. Leahy*, 322 Ill. App. 3d 974, 975-76 (2001) (collecting cases). Defendant believes he should receive the same benefit. We now address his arguments.

A conflict exists among some districts of our appellate court regarding the question of whether a defendant who was properly admonished under preamended Rule 605(a) is entitled on some basis to a remand for admonishment under the amended rule. Like the appellate court in the instant case, the court in *People v. Little*, 318 Ill. App. 3d 75 (2001), declined to remand for admonishment under amended Rule 605(a), rejecting the defendant's

due process claim. The court noted that the language of the preamended rule was plain and unambiguous and that, in contrast to guilty plea defendants admonished under preamended Rule 605(b), the defendant was not misled as to what type of motion was required. The court also noted that plain error review was always available to Rule 605(a) defendants who failed to preserve sentencing issues for review. *Little*, 318 Ill. App. 3d at 80.

A contrary result was reached by the court in *People v. Mazar*, 333 Ill. App. 3d 244 (2002). There, the defendant was admonished under preamended Rule 605(a). On appeal, although he did not claim any error in his sentence, the defendant argued that the failure to admonish him of the need to file a postsentencing motion deprived him of due process, analogizing the situation to the failure to properly admonish guilty plea defendants under preamended Rule 605(b). The *Mazar* court rejected this argument, concluding that no duty existed to admonish defendants under Rule 605(a) of the need to file a postsentencing motion and that the rule did not misinform defendants of their appeal rights, as it was merely silent on that issue. *Mazar*, 333 Ill. App. 3d at 257. Nonetheless, the court did remand the defendant's case for admonishment under amended Rule 605(a). The court noted the amendment of the rule and cited cases decided under preamended Rule 605(b) holding that remand for proper admonishments was required under principles of fundamental fairness (*e.g.*, *Leahy*, 322 Ill. App. 3d 974). The *Mazar* court held that a remand for admonishments under now amended Rule 605(a) was supported by the same "general equitable principles." The court concluded that the defendant was "misinformed" as to all the steps necessary to preserve issues for appeal and that fundamental fairness required a remand for admonishment under the new rule. *Mazar*, 333 Ill. App. 3d at 259.

Defendant relies heavily on *Mazar* in his due process

argument. However, as stated, the *Mazar* court found no due process violation in failing to admonish the defendant under the preamended rule of the need to file a postsentencing motion. Defendant argues that due process was abridged because the rule did not accurately apprise him of the necessary steps to perfect his appeal, citing *People v. Bates*, 323 Ill. App. 3d 77 (2001). That case, however, involved a defendant who pleaded guilty and who received incorrect admonishments under Rule 605(b). The trial court had told defendant that he would have to move to withdraw his guilty plea and risk reinstatement of dismissed charges when in fact he could have moved to reconsider the sentence without that risk. *Bates*, 323 Ill. App. 3d at 81. In contrast, the trial court in the instant case accurately advised defendant of the steps to perfect his appeal. Supreme Court Rule 606 (188 Ill. 2d R. 606) governs the perfection of appeals in criminal cases not involving guilty pleas. That rule requires a notice of appeal to be filed with the clerk of the circuit court within 30 days after entry of the judgment appealed from or within 30 days after entry of an order disposing of a timely postjudgment motion. 188 Ill. 2d R. 606(b). Defendant appears to equate "perfection" of an appeal with advice as to every step necessary to preserve issues for appellate review. However, it is certainly possible to properly perfect one's appeal, yet waive every issue claimed as error. The waiver does not affect the perfection of the appeal.

Due process does not require that a defendant be admonished of the right to an appeal. *People v. Cox*, 53 Ill. 2d 101, 106 (1972), *overruled on other grounds*, *People v. Davis*, 156 Ill. 2d 149 (1993). Defendant's situation is unlike that of guilty plea defendants who were given the wrong advice as to how to perfect their appeals. Filing of the proper postplea motion is a condition precedent to the perfection of their appeals. When those defendants

were given wrong advice and followed it, their appeals were dismissed. We note that not all the steps necessary to preserve every alleged error are contained in the supreme court rules. The requirement to file a postsentencing motion is statutory in nature (730 ILCS 5/5—8—1(c) (West 2000)). Similarly, the requirement of filing a written posttrial motion is imposed by statute (725 ILCS 5/116—1 (West 2000)). This court has held that failure to object at trial and include the issue in a written posttrial motion results in waiver of the alleged error on review. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). At that point, the only review available to a defendant arises from any plain error, just as it does when a defendant fails to properly preserve sentencing errors for review. We do not understand defendant to suggest that due process requires that the trial court interrupt the trial at various points to advise a defendant of the need to make objections, make offers of proof, etc., in order to preserve issues for review. Such a scenario would obviously be absurd. Due process does not require courts to go to such lengths. Here, the failure to admonish defendant and others like him as to how to preserve sentencing issues for appeal when Rule 605(a) did not include a requirement to give such an admonishment did not deprive defendant of due process. Accordingly, we conclude that due process does not require remand for admonishment under amended Rule 605(a).

Defendant also argues that application of the pre-amended rule in his case violates the equal protection guarantees of the state and federal constitutions (U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2), by treating him and others who chose to plead not guilty and go to trial differently than those who plead guilty and spare the State the expense of trial. Specifically, defendant and others like him, prior to October 1, 2001, were admonished under the previous version of Rule

605(a), which, he argues, was at that time less complete than the admonishments given pursuant to Rule 605(b) to those who pleaded guilty. Defendant's argument is not that he and others like him were not advised of their right to appeal. Instead, he argues that the Rule 605(b) admonishments are more complete than the Rule 605(a) admonishments he was given. As a result, the Rule 605(b) defendant is fully informed of what he or she must do to preserve the right to appeal, while the Rule 605(a) defendant, under the preamended rule, was not fully informed. The gravamen of his equal protection argument is that defendants in his position, who were admonished under the previous version of the rule, were more likely to inadvertently forfeit sentencing issues that might have been raised on appeal than those who pleaded guilty and were admonished under Rule 605(b).

The constitutional guarantee of equal protection requires that the government treat similarly situated individuals in a similar manner. *People v. Warren*, 173 Ill. 2d 348, 361 (1996). Thus, the government may not afford different treatment to persons who have been placed by statute into different classes on the basis of criteria wholly unrelated to the purpose of legislation. However, the equal protection clause does not forbid the legislature from drawing proper distinctions in legislation among different categories of people. *In re R.C.*, 195 Ill. 2d 291, 309 (2001). Where a statute does not affect a fundamental right or involve a suspect class, the statute need only satisfy the rational basis test. *Jacobson v. Department of Public Aid*, 171 Ill. 2d 314, 323 (1996). Under this test, the court's review is limited and generally deferential and simply inquires whether the means employed by the statute to achieve the stated purpose of the legislation are rationally related to that goal. *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 447 (1998). The legislation carries a strong presumption of constitutional-

ity and must be sustained if any set of facts can reasonably be conceived to justify the classification. *Jacobson*, 171 Ill. 2d at 324. Applying these concepts to preamended Rule 605(a), we find that defendant was not deprived of any equal protection right.

Rule 605 recognizes that there are two classes of defendants who appear before trial courts for sentencing—those who have been found guilty following a trial and those who have pleaded guilty. The rule requires both classes of defendants to be given "advice" regarding the right to appeal. Such advice is not constitutionally required as a matter of due process (*People v. Covington*, 45 Ill. 2d 105, 108 (1970) (court's adoption of Rule 605 "stems from the dictates of good practice rather than constitutional command")), but having determined that it is proper to advise defendants of the right to appeal, it would likely violate equal protection to fail to require similar treatment of both classes of defendants. See *People v. Wright*, 311 Ill. App. 3d 1042, 1046 (2000) (as a constitutional right to appeal exists in Illinois, it is logical to assume that the rules governing that right should comport with due process and equal protection). For example, if the rule were to require that admonishments regarding the right to appeal be given to those who plead guilty, but not those who go to trial, it might be vulnerable to the criticism that it punishes those who elect to utilize their constitutional right to trial. However, this is not the case. Preamended Rule 605(a) did inform defendants of the necessary steps to preserve their right to appeal trial errors. That it did not inform them of the steps necessary to appeal sentencing errors does not itself establish an equal protection violation.

Defendant argues that defendants who enter open guilty pleas and who are admonished under Rule 605(b) are similarly situated to defendants, like him, who go to trial and who are admonished under Rule 605(a). If the

wrong admonishments are given under Rule 605(b), defendant notes, guilty plea defendants are entitled to a remand for proper admonishments. Yet Rule 605(a) defendants are not admonished of the need to file a post-sentencing motion and are not entitled to a remand for such an admonishment. Defendant asserts that the two classes of defendants stand in the same position before the court and, accordingly, should both be entitled to a remand for proper admonishments. This argument fails. Guilty plea defendants lose their appeal rights completely if they fail to file the proper postplea motion and the reviewing court must dismiss their appeal. See *Linder*, 186 Ill. 2d at 74. In contrast, Rule 605(a) defendants retain their right to appeal any trial errors (assuming they have filed the necessary posttrial motion) even if they fail to preserve sentencing errors for appeal. In addition, plain error review (134 Ill. 2d R. 615(a)) is available to such defendants. These two classes of defendants are not, therefore, similarly situated and defendant's equal protection argument must fail.

Defendant argues that fundamental fairness mandates remand of his case to the circuit court for admonishment under amended Rule 605(a). The appellate court rejected that argument, describing fundamental fairness as a "specific exception to the waiver doctrine, which warrants judicial review of procedurally defaulted claims only if actual prejudice has resulted from the claimed errors." 342 Ill. App. 3d at 927. In support of this statement, the appellate court cited cases from this court discussing the doctrine in connection with postconviction proceedings. See, *e.g.*, *People v. Pitsonbarger*, 205 Ill. 2d 444 (2002); *People v. Jackson*, 205 Ill. 2d 247 (2001). Fundamental fairness in that context requires a postconviction petitioner to satisfy the cause-and-prejudice test with respect to claims that are barred by waiver because they could have been, but were not, presented on direct appeal. *Jackson*, 205 Ill. 2d at 274.

The cause-and-prejudice test is limited to postconviction proceedings and therefore does not apply to the instant case. Instead, defendant analogizes his situation to that of guilty plea defendants who were given wrong advice on what postplea motion to file under preamended Rule 605(b). The erroneous admonishment of defendants in these cases was particularly troublesome because compliance with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) is a condition precedent to an appeal from a guilty plea. *People v. Wilk*, 124 Ill. 2d 93, 105 (1988). This court has required strict compliance with the rule. *People v. Foster*, 171 Ill. 2d 469, 474 (1996). Accordingly, failure to comply with Rule 604(d) mandated dismissal of the appeal and left postconviction proceedings as a defendant's only avenue of review. *Wilk*, 124 Ill. 2d at 107. To ensure that defendants are aware of the requirements of Rule 604(d), they must be admonished of them pursuant to Rule 605(b). Thus, where the trial court fails to give the admonishments required by Rule 605(b), procedural due process prohibits the dismissal of a defendant's appeal and the case must be remanded for proper admonishments. *Foster*, 171 Ill. 2d at 473. Until this court decided *Evans*, Rule 605(b) accurately stated the procedures a defendant must follow to preserve his right to appeal following entry of a guilty plea. However, the decision in *Evans* and in subsequent cases rendered advice given in accordance with the rule erroneous in many cases. Thus, when defendants followed such advice, their appeals were dismissed because they had filed the wrong motion. This court determined that in such circumstances, fundamental fairness required remand for accurate admonishments.

As we have stated above, defendant here and others like him have not suffered the kind of detriment that guilty plea defendants suffered under preamended Rule 605(b). They do not lose their appeal rights. Their

sentences may still be reviewed for plain error. They were not misled as to how to perfect their appeals. The trial court did not give them wrong advice that they then followed to their prejudice. We reject defendant's argument that the amendment of Rule 605(a) was an implicit recognition by this court that the old rule was "constitutionally infirm." We have already demonstrated that the preamended rule abridged no constitutional rights. The purpose of Rule 605(a) is to inform defendants who have been convicted and sentenced after trial as to what they must do to perfect an appeal. It was never intended to advise defendants of every step necessary to preserve claimed errors for review. Nonetheless, because the advice required by Rule 605(a) was given immediately following imposition of sentence, it may have suggested that defendants could immediately file their notice of appeal and preserve sentencing issues by doing so. To correct any such misunderstanding and in accordance with the "dictates of good practice" (*Covington*, 45 Ill. 2d at 108), Rule 605(a) was amended to its current form.

For the reasons stated, we conclude that fundamental fairness does not entitle defendant to a remand for admonishment under new Rule 605(a). Accordingly, we affirm the judgment of the appellate court.

*Affirmed.*

JUSTICE KARMEIER took no part in the consideration or decision of this case.